McCain *vs.* The State of Georgia.

ARMISTEAD McCAIN, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. On an indictment for maintaining and keeping a lewd house, evidence of the general reputation for chastity of the women frequenting and boarding at the house is admissible.

2. Independently of such evidence, the testimony was abundant in this case to sustain the verdict, and the judge was right in refusing to set it aside and grant a new trial.

3. On such a trial, a charge that "the state must prove, to the satisfaction of the jury, that the defendant did keep and maintain a lewd house for the practice of fornication or adultery; that the lewdness must be proven to have been carried on in his house, and with his knowledge and consent, but that it was not necessary to prove that the lewdness was carried on openly and notoriously—if carried on in his house and with his consent privately, that would suffice," is sound, and submits the law fairly to the jury.

4. A fine of $300 00 and costs, or in default of payment within ten days, work in the chain-gang on the public works for twelve months, in view of the facts proven, is not punishment excessive and not commensurate with the offense charged.

Criminal law. Evidence. New trial. Sentence. Before Judge McCUTCHEN. Whitfield Superior Court. April Term, 1876.

Reported in the opinion.

J. A. GLENN; J. A. R. HANKS; JOHNSON & McCAMY, by brief, for plaintiff in error.

McCain *vs.* The State of Georgia.

A. T. Hackett, solicitor general, by Z. D. Harrison, for the state.

Jackson, Judge.

The defendant was indicted for keeping a lewd house, he was found guilty, and sentenced to pay a fine of $300 00 and all costs, or in default thereof in ten days, to go to hard work in the chain-gang. He moved for a new trial on various grounds; it was denied him, and he excepted.

1. The first complaint is that evidence of the general character for chastity of the women boarding at his house and frequenting it was admitted. It ought to have been admitted says the law: 2 Bishop's Crim. Proc., sec. 83; Wharton's Am. Crim. Law, 2390, and cases cited.

2. Besides, the proof was abundant besides this evidence, and the defendant would have been, and ought to have been, convicted without it.

3. Nor do we think that the court erred in the charge complained of. That charge was to the effect that the lewdness need not be proven to have been openly and notoriously carried on; that it was enough if it was done with the knowledge and consent of the defendant, though privately. Such things are rarely done in public; and if such proof were required there would rarely, we suppose, be a conviction.

4. The punishment was not excessive. The facts show a very bad case; the lewdness approximated as near to open and notorious defiance of decency as well as law, as any case of the kind could well be open and defiant; and the punishment, especially the fine, is quite moderate.

Judgment affirmed.