30673. PETERS *v.* THE STATE.

DECIDED MARCH 9, 1945.

*Barrett & Hayes, John D. Allen,* for plaintiffs in error.
*Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

MACINTYRE, J. Clara Peters was convicted of operating and maintaining a lewd house, a misdemeanor. She filed a writ of

certiorari which was overruled and denied. To this judgment she excepted. The State proved by several witnesses that the Martin Hotel, the hotel in question, had a general reputation of being a lewd house, and that certain women who lodged in the hotel from time to time had a general reputation of being lewd women. This was supplemented by proof of certain specific acts of conduct which took place from time to time, and which, in connection with other testimony, authorized the inference that fornication was going on in the house with the defendant's consent. At least one act of sexual intercourse was directly proved. The hotel was owned and conducted jointly by the defendant and her husband, Joe Peters.

■ The special assignments of error in grounds (f), (h), and (j) excepted to the admission of testimony that named women frequenting the hotel operated by the defendant and her husband were prostitutes, as being prejudicial, irrelevant, and immaterial. The court did not commit reversible error in admitting over objection evidence as to the general reputation of the inmates of the hotel in question, for "the reputation of the inmates of the hotel for lewdness may be a circumstance to be considered by the jury, as tending to show the continuing character of the offense and in corroboration of other evidence of the essential fact that fornication or adultery was actually committed at the hotel." *Ward* v. *State,* 14 *Ga. App.* 110 (80 S. E. 295); *Fitzgerald* v. *State,* 10 *Ga. App.* 70, 74 (4) (72 S. E. 541); *Smith* v. *State,* 52 *Ga. App.* 88 (182 S. E. 816); *McCain* v. *State,* 57 *Ga.* 390.

■ In special ground (g) the defendant contends that the court in violation of the Code, § 81-1104, intimated and expressed his opinion as to what had been proved in making a ruling regarding the admissibility of the following evidence: Hause, a police officer and a witness for the State, testified in part as follows: "I know the woman Dorothy North. . . I have had occasion to arrest her at the Martin Hotel. After we started going to the hotel we found out they [defendant and her husband] had a bell or buzzer they mashed when the police came in the door. Joe Peters [defendant's husband] did it one night. He had an accelerator board he put his foot on that rang it upstairs, and we ran upstairs, and she was closing the door, and she was in the room with a soldier, Dorothy North was, and we arrested her at that time. She is

under a six-months sentence at Reidsville now." Mr. Barrett (defendant's counsel) : "I object to his statement as to where Dorothy North is as hearsay, as the sentence would be the highest and best evidence." The court: "I exclude the amount of fine or sentence she received. He can state where she is, but it wouldn't be proper to say what sentence she received." Hause: "I know Dorothy North was in Reidsville a year ago." Q. "Was she or not a prostitute?" A. "Yes, sir, notorious." Mr. Barrett: "I object to that as irrelevant, immaterial, and prejudicial, in the trial of the case against Joe and Clara Peters." The court: "I overrule the objection, since they proved she was in the hotel." In making this statement we think that the court was merely expressing his opinion as to why such testimony was admissible. In other words, the State, by showing that this particular person had been arrested in the Martin Hotel, so linked her up with the hotel in question that the testimony of the witness as to the woman's reputation as to lewdness was admissible. "It would be impossible to carry on a trial if this section of the Code, prohibiting a judge from expressing any opinion as to what is proven, is to be construed as is contended for. A judge, in deciding as to admissibility of testimony, must always, to some extent, decide as to its weight, since often its admissibility depends on that, so he must often determine what has been proven so as to say whether certain other things may be proven. . . The only practicable rule is, to treat the jury as possessed of common sense, and as capable of understanding what is addressed by the judge to them and what is not. He may not express to the jury any opinion; but if in the decision of any legal question, as it arises, he must pass upon facts, the statute does not apply." *Scarborough* v. *State,* 46 *Ga.* 26, 33. See in this connection, *Oliveros* v. *State,* 120 *Ga.* 237, 243 (47 S. E. 627, 1 Ann. Cas. 114) ; *Realty Co.* v. *Ellis,* supra; *Jones* v. *Pope,* 7 *Ga. App.* 538, 539 (67 S. E. 280) ; Walker *v.* State, 138 Ark. 517 (212 S. W. 319). The judge here said to the counsel for the defendant only what his view of the law was as to why the testimony was admissible, and this he had a right to do. From the above-cited authorities it would seem that the judge in the present case expressed no such opinion of what had been proved as would violate the Code, § 81-1104.

■ In special ground (i) the defendant excepted to the State explaining the absence of a material witness. Willie Cousins

was a material witness for the State and if his absence was not accounted for the defendant could have legitimately commented on the State's failure to produce him as a witness. It was not error for the court, over the objection that it was prejudicial, irrelevant, and immaterial, to allow the officer in question to testify that, "I made an effort to find Willie Cousins. A subpœna was left with his mother on Chamberlain Street, and the subpœna stated, that he should be here this morning." See in this connection, *McConnell* v. *State*, 2 *Ga. App.* 445, 447 (3) (58 S. E. 546).

■ In special ground (k) the defendant objects to the following charge of the court: "One of the methods known by law for impeaching a witness is by proof of general bad character, or that the witness has been convicted of a felony or crime involving moral turpitude." There was no evidence offered to impeach any witness by proof of general bad character, and of course no evidence could be offered sustaining the witness by similar proof of good character. Nor was there any proof that any witness had been convicted of a felony or a crime involving moral turpitude. While this charge was abstractly correct, there was no evidence offered to support it and therefore, it was erroneous and was improperly given in charge. However, under the facts of this case it was harmless error. It might be stated that there was no evidence which could have misled the jury into believing that there was any evidence to which this excerpt could be applied. Thus this ground does not disclose reversible error. *Kelly* v. *State*, 118 *Ga.* 329 (45 S. E. 413) ; *Geer* v. *State*, 184 *Ga.* 805 (2) (193 S. E. 776).

■ The evidence authorized the verdict, and the judge did not err in overruling and dismissing the certiorari.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*