42045.   BORDERS v. THE STATE.

ARGUED JUNE 8, 1966—DECIDED JUNE 23, 1966—
REHEARING DENIED JULY 12, 1966

*Barrett K. Hawks,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw,* for appellee.

NICHOLS, Presiding Judge. ■ The first two enumerations of error complain of the introduction of evidence as to other transactions. One ground complains of evidence that the defendant grabbed a child, other than the ones allegedly molested, and let her go only after she bit the defendant. The other ground enumerates as error testimony of a witness that she saw the defendant motioning for the two children allegedly molested to come into his yard. The complaint in both grounds is that the evidence was of other transactions and therefore inadmissible. The defendant cites cases which are based on the inhibition placed by *Code* § 38-202 on evidence of other transactions which placed the defendant's character in evidence. However, as was pointed out in *Lee v. State,* 8 Ga. App. 413 (2) (69 SE 310), an exception to such rule is presented when the defendant himself places his character in issue. Thus, where as in the present case the defendant placed his character in evidence the admission of evidence as to other transactions was not reversible error.

■ The third enumeration of error complains that the trial court erred in permitting the State to ask a hypothetical question of three witnesses. The objection made during the trial to such question was no more than that it was immaterial, irrelevant and prejudicial. Such an objection without more is too general to raise a question for determination by this court. See *Kent v. State,* 105 Ga. App. 312, 314 (124 SE2d 296), and cases there cited. Nor was a proper objection made to the question on which the fourth enumeration of error is based.

■ The enumeration of error numbered 5 complains that the trial court erred in refusing to permit a witness for the defendant on direct examination to testify as to the particulars of dealings

between the defendant's family and the families of the prosecuting witnesses tending to show malice on the part of the prosecuting witnesses toward the defendant and his family. As was held in *Robinson v. Murray,* 198 Ga. 690 (7) (32 SE2d 496): "While hostile feelings between the parties may ordinarily be shown, testimony as to the details of particular transactions and conversations is not admissible for that purpose. *Carter v. Dixon,* 69 Ga. 82 (7); *McDuffie v. State,* 121 Ga. 580 (7) (49 SE 708); *Durham v. Durham,* 156 Ga. 454 (2) (119 SE 702); *Eugee v. State,* 159 Ga. 604 (126 SE 471)." No error is shown by the enumeration of error.

■ The sixth enumeration of error complains that the trial court erred in charging that a witness may be impeached by evidence showing a conviction for a felony or a crime involving moral turpitude when there was no evidence that any witness was subject to impeachment for either such reason. Under the decision in *Peters v. State,* 72 Ga. App. 157, 160 (33 SE2d 454), and the cases there cited, the charge was error but harmless where there was no evidence by which a jury could be misled.

■ The seventh and eighth enumerations of error complain of the admission of testimony of a spontaneous admission of the crime by the defendant and in admitting evidence as to such admission before the court heard any testimony from the defendant as to the voluntariness of the spontaneous admission. During the trial of the case, and at a time when the jury was not present, the court heard testimony to determine the voluntariness of the admission and before making his ruling thereon asked if there was any other witness on such issue. The defendant did not seek to introduce any evidence at such time and the judgment of the trial court in admitting such evidence was not error as being done before the court heard any testimony from the defendant as to such issue.

Nor did the trial court err in admitting evidence of such voluntary admission when the evidence showed without dispute that the admission, if made, was voluntarily made. The defendant admitted under oath on the trial of the case that the conversation wherein the statement was purportedly made took place, but claimed he misunderstood the question asked, and there was

no evidence that the reply was anything other than voluntary. The trial court did not err in admitting such evidence.

*Judgment affirmed. Hall and Deen, JJ., concur.*