## 49155. BAILEY v. THE STATE.

DEEN, Judge.

This appeal on the denial of a motion to suppress evidence of certain drugs found on the search of premises under a warrant contended to be insufficient is controlled by *Bell v. State,* 128 Ga. App. 426 (196 SE2d 894) holding that "a time period closely related to the commission of the offense must be affirmatively stated within the affidavit to show that the information contained therein is not stale." There the affidavit stated "the date the informer gave the information to the affiant, but does not state when the informer witnesses the criminal activity referred to in the affidavit so as to show the information was not stale." The fact that the informer here called the affiant at 10:30 p.m. on June 14, 1973, and told him that

"he has been to the above mentioned residence and has seen marijuana and other drugs and narcotics" does not tell us when the informer saw the drugs but only when he informed the affiant about them. The other information contained in the affidavit — that the affiant personally observed people going in and out of the house, and that he received complaints from neighbors — does not cure this omission. The affiant saw no drugs, and the neighbors remain unidentified and unsworn. There was no additional testimony. We cannot tell from the warrant whether or not the information received from the "reliable informer" was stale. The denial of the motion to suppress must therefore be reversed.

*Judgment reversed. Hall, P. J., and Stolz, J., concur.*

ARGUED MARCH 5, 1974 — DECIDED MARCH 13, 1974.

*Marchman & Henderson, Charles Marchman, Jr., Anthony R. Cueto, David E. Henderson,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr.,* for appellee.