## 53640. THE STATE v. CLARK.

QUILLIAN, Presiding Judge.

Accusations were sworn out in the Criminal Court of Fulton County (now State Court), charging the defendant with possessing marijuana, commercial gambling, and keeping a gambling place. Defendant's motion to suppress the state's evidence was sustained. The state has appealed. *Held:*

The sole issue for determination is whether the information provided the judge authorizing the warrant was "stale." See *Bell v. State,* 128 Ga. App. 426, 427 (196 SE2d 894); *Bailey v. State,* 131 Ga. App. 276 (205 SE2d 532). The affiant swore: "On March 14, 1976, we received information from a reliable and confidential informant whose information in the recent past has led to the arrest and conviction of several persons for violating the gambling laws. . . [Informant] states that the above named person *is engaged* in the operation of a lottery. . . [H]e has been present at the address when the above named person would receive numbers and bets from other [sic] via telephone. Since receiving the above information we have watched the address with our informant and he has pointed out persons going into the address he says he knows of his own knowledge play the lottery. . . The last

time we watched the above address and observed the activity was on March 23, 1976." (Emphasis supplied.) The search warrant issued March 24, 1976, and was executed on March 25, 1976.

A warrant may issue based upon the hearsay of an informant. However, this court has held the time period involved must be so closely related to the commission of the offense as to show that the information contained therein is not stale. *Bell v. State,* 128 Ga. App. 426, 427, supra.

"[I]t was not necessary that the precise date of the occurrence be given but it should appear from the facts that the occurrence should be so near in point of time to the making of the affidavit and the execution of the search warrant as to create a reasonable belief that the same conditions described in the affidavit still prevailed at the time of the issuance of the warrant. *Fowler v. State,* 121 Ga. App. 22, 23 (172 SE2d 447); Sgro v. United States, 287 U. S. 206, 210 (53 SC 138, 77 LE 260).

"The use of the present tense in an affidavit to support a search warrant . . . is sufficient to show that the facts recited are current and not stale." *Covington v. State,* 129 Ga. App. 150 (199 SE2d 348). Accord, *Lewis v. State,* 126 Ga. App. 123 (2b) (190 SE2d 123); *Butler v. State,* 127 Ga. App. 539 (1) (194 SE2d 261). This court held in *Walker v. State,* 136 Ga. App. 857, 858 (222 SE2d 676), that where the informant used the phrase that the defendant *"is engaged* in the operation of a lottery" and the affiant stated that since receiving the information he and the informant "have watched the above address . . . and have seen persons going to the address, our informant says he knows play the lottery. . ." that the use of the present tense " 'is engaged,' in light of the other recited circumstances, was sufficient to show the magistrate that the information relied upon was current and not stale." 136 Ga. App. p. 858.

The affidavit in the instant case and the one in *Walker* are almost identical. The information recited shows the evidence was not stale, that it continued up to the date of issuance of the warrant, and was corroborated by the observation of the police. See *Logan v. State,* 135 Ga. App. 879, 884 (1) (219 SE2d 615), on corroboration by

surveillance and *Register v. State,* 124 Ga. App. 136, 139 (183 SE2d 68), on corroboration of informant's specific facts. We find the trial court erred in sustaining defendant's motion to suppress.

*Judgment reversed. Marshall and Shulman, JJ., concur.*

ARGUED MARCH 8, 1977 — DECIDED APRIL 8, 1977.

*Hinson McAuliffe, Solicitor, Frank A. Bowers, W. M. Hearn, Assistant Solicitors,* for appellant.

*John W. Rogers, L. D. Langley, Jr.,* for appellee.