## 54112. JOHNSON v. THE STATE.

SHULMAN, Judge.

This appeal is from a conviction for sale of marijuana.

1. In his first enumeration of error, appellant contends that the court erred in admitting into evidence a bag of marijuana allegedly sold by appellant. The marijuana was admitted over appellant's objection that the state had not sufficiently shown the chain of custody of the evidence. The undercover agent who claimed to have made the purchase testified that she maintained sole custody of the contraband for five days after the sale and then turned it over to a named officer of the metro drug squad. It was her testimony that the other officer locked the evidence in the evidence locker in the drug squad's office where it remained until she removed it some three weeks later to take to the crime lab. The officer who received the contraband from the witness did not testify and the witness admitted she did not see the marijuana placed in the locker. This gap, appellant claims, is a fatal flaw in the chain of custody and required exclusion of the evidence. We disagree. The burden the state must carry to gain admission of evidence such as this is to show with

reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. *Patterson v. State,* 224 Ga. 197 (2) (160 SE2d 815). In this case, appellant produced no evidence of substitution or tampering. He depended solely on the absence at trial of one person who handled the contraband and on an assertion, not based on any evidence, that the quantity of the marijuana had been reduced after the sale. The trial judge ruled correctly that the contraband would be admitted and its weight left to the jury. "[I]t is not necessary that the state negative all possibility of tampering but only that it show it is reasonably certain there was no alteration — when there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight. [Cits.]" *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174). See also *Braden v. State,* 135 Ga. App. 827 (4) (219 SE2d 479).

Appellant also contends that, if the evidence was to be admitted and its weight left to the jury's determination, the trial judge should have specifically charged the jury on how to determine its weight. We find no error in failing to tailor a charge to that one piece of evidence. This is especially so where the record shows, as it does here, that the judge identified for the jury (in the course of his ruling in favor of admissibility) the issue they would have to decide, told them they would have to decide it, and gave a general charge at the end of the trial on the jury's duty to weigh the evidence and determine its credibility.

2. In a related enumeration of error, appellant claims it was error to overrule his motion for directed verdict because the evidence failed to show that the material allegedly sold was marijuana. Since this argument is based on appellant's contention that the chain of custody was defective, it is without merit in light of our holding in Division 1 of this opinion.

3. The third enumeration of error is directed toward the trial court's refusal to grant a mistrial at two points during cross examination of a defense witness. The first of the motions for mistrial followed a question appellant contends put his character in issue by intimating that he

had a prior criminal record. The question was ambiguous and inartfully phrased and an objection to it was properly sustained. The trial judge then instructed the jury to disregard the question and forbade the prosecutor to pursue that line of questioning. The second objectionable conduct followed immediately. The prosecutor attempted to impeach the witness by showing a conviction for misdemeanor theft by taking. Before the prosecutor could make it clear that the witness had a record, but after she made a reference to her probation officer, defense counsel objected to the attempted impeachment. Once again, the objection was sustained, the jury was fully instructed to disregard, and the line of questioning was foreclosed. Under the circumstances, given the immediate and thorough corrective action of the judge, we cannot say his refusal to grant a mistrial was an abuse of discretion. *Wooten v. State,* 224 Ga. 106 (3) (160 SE2d 403); *Bradley v. State,* 234 Ga. 664 (217 SE2d 264).

4. Appellant's final enumeration of error contends that the judge committed reversible error by charging on impeachment of witnesses by prior inconsistent statements when there was absolutely no evidence that any witness had made any inconsistent statement. We agree that the giving of a charge which is wholly unsupported by the evidence is error. We do not agree, however, that it was harmful error.

In *Peters v. State,* 72 Ga. App. 157 (4) (33 SE2d 454) and *Borders v. State,* 114 Ga. App. 90 (4) (150 SE2d 306), this court held that charging that a witness may be impeached by proof of conviction of a crime involving moral turpitude when no such evidence was offered was harmless error. We believe the reasoning of those cases is directly applicable to this case. "[T]here was no evidence which could have misled the jury into believing that there was any evidence to which this excerpt could be applied. Thus this ground does not disclose reversible error. [Cits.]" *Peters v. State,* supra, p. 160.

The case cited by appellant in support of this enumeration of error, *Von Sprecken v. State,* 70 Ga. App. 222 (28 SE2d 341), is distinguishable. There, a prior inconsistent statement was introduced, but the conflict was resolved. Under the facts there, a situation existed to

which the jury may have erroneously applied the charge. In this case, there was nothing to confuse the jury.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

SUBMITTED JULY 11, 1977 — DECIDED SEPTEMBER 6, 1977.

*Jack H. Affleck, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.