## 58085. WRENN v. THE STATE.

UNDERWOOD, Judge.

Wrenn was convicted in Emanuel County Superior Court of possession of marijuana in violation of the Georgia Controlled Substances Act, Code Ann. § 79A-801 et seq. On appeal he enumerates three errors, all of which are based upon his contention that the trial court erred in overruling his motion to suppress marijuana seized in a search conducted pursuant to a warrant, which he contends was issued without probable cause.

The warrant was issued on the basis of an affidavit made by Franklin Gillis, an agent of the Georgia Revenue Department. Gillis' affidavit set forth the following: "This agent has received information from a reliable informer who has given me information in the past that has led to arrests and convictions in whiskey and drug law violations. This information being that William 'Bill' Wrenn is dealing in non-tax paid whiskey and dangerous

drugs. This agent and other agents of the Georgia Department of Revenue started an investigation of the activities of William 'Bill' Wrenn. During this investigation he has been seen with known violators of the non-tax paid whiskey and dangerous drug laws. This agent has during this investigation talked to other law enforcement officers and learned that they have received information referenced the above and that they too have seen him in the presence of known violators. William 'Bill' Wrenn was seen on August eighth, nineteen seventy-seven at the home of a known violator and talking to this violator. The residence of William 'Bill' Wrenn has been put under observation on several occasions and the last being on August thirteenth, nineteen seventy-seven and this agent saw what appeared to be non-tax paid whiskey being handled at this mobile home. I have this date received information from a reliable informer who has given me information on several occasions in the past that has led to arrest and convictions of the liquor and drug laws, that a quantity of non-tax paid whiskey and drugs are being concealed on these premises and that he has seen this himself."

At the hearing on the motion to suppress both the superior court judge who issued the search warrant and Agent Gillis appeared and testified generally as to the circumstances surrounding the issuance of the warrant. The appellant insists here as he did at that hearing that the affidavit is flawed as a basis for finding probable cause due to its lack of a more explicit reference to *when* the informer saw the alleged contraband at appellant's mobile home.

1. The trial court in colloquy with counsel at the hearing on the motion reasoned that the use of the present tense ("Wrenn *is dealing* in . . . whiskey . . . and drugs. [A] quantity of non-tax paid whiskey and drugs *are being concealed* on these premises and, . . . he [informer] has seen this himself") is sufficient in the context of this case to provide a basis for finding probable cause and issuing a search warrant. Upon examination of these portions of the affidavit along with other recited circumstances in the affidavit we find the trial court's determination reconcilable with the controlling authorities and we

affirm.

"The use of the present tense in an affidavit to support a search warrant . . . *in the light of other recited circumstances,* is sufficient to show that the facts recited are current and not stale." *Covington v. State,* 129 Ga. App. 150 (199 SE2d 348) (1973). (Emphasis supplied.)

The appellant's argument here concerning the affidavit's imprecision as to when the informer saw the contraband loses much of its impact because of "other recited circumstances" which buttressed the agent's statements of what he had learned from the informer. Specifically, the agent swore in the affidavit that he "put under observation" appellant's residence and had observed "what appeared to be non-tax paid whiskey" six days earlier.

"[I]t was not necessary that the precise date of the occurrence be given but it should appear from the facts that the occurrence should be so near in point of time to the making of the affidavit and the execution of the search warrant as to create a reasonable belief that the same conditions described in the affidavit still prevailed at the time of the issuance of the warrant." *Fowler v. State,* 121 Ga. App. 22, 23 (172 SE2d 447) (1970).

The informer's statement that the whiskey and drugs "are being concealed on the premises" coupled with the agent's statement that he had observed what appeared to be some of the contraband six days earlier provided a common sense basis for the issuing judge to conclude that the information was not stale. See *Jackson v. State,* 130 Ga. App. 6 (202 SE2d 206) (1973); *State v. Clark,* 141 Ga. App. 886 (234 SE2d 713) (1977). There was enough information before the issuing judge for him clearly to distinguish such information from "a casual rumor circulating in the underworld" or "an accusation based merely on the individual's general reputation." Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637); Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723).

2. In view of Agent Gillis' overall testimony concerning the reliability of the informer we do not conclude, as urged by appellant, that the search warrant must fail because of Gillis' failure to give more detailed

information concerning prior arrests and convictions resulting from this informer's tips.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Submitted July 11, 1979 — Decided October 22, 1979.

*Charles B. Merrill,* for appellant.

*H. Reginald Thompson, District Attorney, Richard A. Malone, Assistant District Attorney,* for appellee.