## 60707. TUTEN v. THE STATE.

Deen, Chief Judge.

In this conviction for possession of marijuana based entirely upon evidence uncovered during the execution of a search warrant for a trailer located on a lot in a described trailer park, the motion to suppress the evidence because of lack of probable cause for the issuance of the warrant, appearing on the face of the affidavit, should have been sustained.

The affidavit recited in substance that the affiant, a detective, received a telephone call from a reliable informant, that the defendant had a large quantity of the drug for sale. Members of the

drug squad put the trailer under observation. The informer entered the trailer. The defendant came out shortly thereafter, drove off in his car, and returned within five minutes. A few minutes later the informer left the trailer and informed the detectives that "he only took half of what Chris Tuten brought back . . . Chris took the other half back to his stash (location unknown)."

At the hearing on the motion to suppress the affiant was questioned as to why, if he knew as he had sworn that Tuten had ten pounds of marijuana which he kept at an unknown location, and his undisclosed informer had purchased and carried away half of this amount and Tuten removed the other half from the premises, he applied two days later for a search warrant based on facts which affirmatively showed that the affiant had no knowledge of any drug actually on the premises. The witness replied that most people who deal in marijuana will at some time have some around, they are going to leave something by for people, he had no evidence at all of that particular marijuana (which was found in the trailer) but most dealers will have it around, and "I was told they were removed . . . I wasn't sure that there wasn't anything (left) in that trailer."

Such evidence does affirmatively show that the state is relying on the fruit of the poisoned tree and that the raid carried out was on a mere suspicion that drugs which he knew nothing about might in fact be found within the premises. "A warrant must stand on firmer ground than mere suspicion." *Fenning v. State,* 136 Ga. App. 569, 571 (222 SE2d 122) (1975), and see Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441) (1963); Spinelli v. United States, 393 U. S. 410, 414 (89 SC 584, 21 LE2d 637) (1969).

The remaining enumerations of error are without merit.

*Judgment reversed. McMurray, P. J., Smith, Banke and Carley, JJ., concur. Shulman, J., concurs specially. Quillian, P. J., Birdsong and Sognier, JJ., dissent.*

ARGUED SEPTEMBER 10, 1980 — DECIDED DECEMBER 5, 1980.

*Kran Riddle,* for appellant.
*Andrew J. Ryan, III, District Attorney, Michael K. Gardner,* for appellee.

SHULMAN, Judge, concurring specially.

I agree with the holding of the majority that the search warrant utilized in the instant case to search appellant's premises was fatally flawed and that the trial court thus erred in denying appellant's motion to suppress the evidence. The affidavit reciting the facts upon

which the warrant was issued clearly did *not* affirmatively indicate that marijuana was either known or strongly suspected to be present in appellant's trailer at the time of the search here in question. Consequently, the judgment of the trial court must be reversed. See *Bush v. State,* 134 Ga. App. 489 (215 SE2d 26).

The position of the dissent is without merit. The fact that the deponent police officer was unable to find appellant's "stash" *outside* his trailer in no way controverts the clear import of the statements of the reliable informant that appellant left the trailer, returned with all or part of the stash, sold half of that amount *and then left the trailer once more to redeposit the remaining amount of marijuana in its original hiding place.* Nowhere is there any indication that the informant had reason to believe that appellant was storing any part of the stash in his trailer. The dissent's attempt to discover "probable cause" in the facts set forth in the subject affidavit by using the line of logic that "the marijuana had to be *somewhere*" simply is legally insufficient to uphold the trial court's denial of appellant's motion to suppress.

SOGNIER, Judge, dissenting.

The majority view the evidence elicited on cross-examination of the deponent officer as showing the definite removal of the remaining five pounds of marijuana from the trailer to the defendant's stash, and thus find no probable cause for the issuance of the search warrant. I disagree. The evidence of removal of the remaining marijuana was based on the hearsay evidence of the informer who based his report on what he had been told by the defendant. The affidavit indicates several complaints of illegal drug activities by the defendant going back to 1974. Undoubtedly the defendant's interest would be served best by keeping all parties in doubt as to where his supply was kept.

The deponent police officer had every reason to believe the marijuana in question was in the trailer. It was axiomatic that the marijuana, or some part thereof, was in one of three places: on the person of the defendant, in the trailer or cached within five minutes distance of the trailer. When asked why he didn't obtain the search warrant on April 19, 1977 (the warrant was obtained on the 21st), the police officer stated: "I was trying to find Mr. Tuten's stash, which I knew was five minutes from his house. It took him five minutes to get to his car and go get it and come back. Q. All right. Where did you look for the stash? A. Just about all over Pooler that I could think of to look. Q. Why didn't you ask the guy that went in there where the stash was? A. Sir, the guy that went in there didn't know anything about the stash. When I asked him, all he knowed was Mr. Tuten advised

him to wait 'till he came back. He was gone five minutes and he was back."

When the police officer was unable to locate the stash elsewhere, there was every probable cause to believe it was in the defendant's trailer.

Probable cause is no esoteric legal theory; it exists when the facts and circumstances are sufficient to warrant a man of reasonable caution to believe the seizable objects are located at the place to be searched. Brinegar v. United States, 338 U. S. 160 (69 SC 1302, 93 LE 1879) (1949). Affidavits should be tested in a "commonsense and realistic fashion," and reviewing courts should "not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner." United States v. Ventresca, 380 U. S. 102, 108-109 (85 SC 741, 13 LE2d 684) (1965). The "Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract." Id., at 108.

The purpose of the requirement that a search warrant be issued on probable cause is to preserve freedom from unlawful intrusion by the police. Accordingly, I find no unwarranted intrusion and I find probable cause for the issuance of the warrant. I would sustain the lower court.

I am authorized to state that Presiding Judge Quillian and Judge Birdsong concur in this dissent.