62027, 62028, 62029, 62030. SHRADER v. THE STATE
(four cases).

POPE, Judge.

Donnie Lee Shrader appeals his conviction of two misdemeanor and two felony violations of the Georgia Controlled Substances Act. *Held:*

1. In his first enumeration of error appellant contends that the trial court erred in overruling his motion to suppress evidence seized from his house pursuant to a search warrant issued and executed on March 19, 1980. The affidavit upon which the search warrant was based stated that the affiant, the sheriff of Dade County, had received information from a confidential informant on March 15, 1980 to the effect that on that date the informant had personally observed marijuana in the kitchen of appellant's dwelling house, hidden "in the cabinets where the pots and pans are stored." The affidavit recited that the informant's reliability was untested; however, the sheriff stated in the affidavit that the information which had been provided by the informant was "consistent" with facts which had been uncovered through independent police investigation. Additionally, the affidavit stated that the sheriff had known the informant for one and a half years and considered him to be reliable, truthful and accurate.

At the hearing on appellant's motion to suppress, the sheriff testified that he had told the justice of the peace who had issued the warrant that the subject premises had in the recent past been a place where runaway juveniles had been staying; he also had received numerous citizen complaints regarding the large volume of traffic in and out of the premises. The sheriff stated that he believed this activity, which continued during the interval between the day the informant came forward with his information and the day the warrant was sought, corroborated the informant's story. He noted that rumors about drug use at the subject premises had been circulating for several months preceding his request for the warrant and that on at least one occasion during this time a juvenile had been found on the premises apparently under the influence of drugs. Further, the sheriff testified that this informant had in the past given

reliable information relating to criminal activity; that the informant was employed and an upstanding member of the community; that he had known the informant personally for a year and a half; that the informant had never given false information; and that he had no reason to doubt the informant's veracity. The sheriff explained that his testimony at the hearing as to the informant's proven reliability was correct and that the apparent inconsistency in the affidavit occurred as the result of two different cases proceeding at about the same time. Appellant argues that the foregoing facts were insufficient to establish probable cause for the issuance of the search warrant.

"The general tests to be applied to determine the sufficiency of the affidavit's facts and circumstances to show probable cause are: (1) that the affidavit gives reasons for the informer's reliability; (2) that the affidavit either specifically states how the informer obtained the information or the tip describes the criminal activity in such detail that the magistrate may know that it is more than a 'casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation,' [cits.] and (3) a time period closely related to the commission of the offense must be affirmatively stated within the affidavit to show that the information contained therein is not stale." *Bell v. State,* 128 Ga. App. 426, 427 (196 SE2d 894) (1973). Also, the affidavit for a search warrant may be supplemented by oral testimony. *Campbell v. State,* 226 Ga. 883 (1) (178 SE2d 257) (1970), cert. den. Campbell v. Georgia, 401 U. S. 1002 (1971); *Williams v. State,* 142 Ga. App. 764 (2) (236 SE2d 893) (1977).

The evidence in this case is uncontradicted that the informant himself saw drugs on the subject premises. Compare *Tuten v. State,* 156 Ga. App. 758 (275 SE2d 796) (1980), wherein the affiant applied for a search warrant based on facts which affirmatively showed that he had no knowledge of any illegal drugs actually on the premises. While there is some conflict in the evidence as to the informant's reliability, we do not find the trial court's decision in this matter to be clearly erroneous, and there is evidence in the record to support that decision. *Thomas v. State,* 151 Ga. App. 844 (261 SE2d 757) (1979); *Walker v. State,* 146 Ga. App. 572 (1) (246 SE2d 690) (1978). See generally *Shaner v. State,* 153 Ga. App. 694 (1) (266 SE2d 338) (1980). Accordingly, we turn our attention to appellant's contention that the information presented by the sheriff was stale.

" 'Staleness' as relates to probable cause is not always measured by the interval between the commission of the crime and the issuance of the search warrant. 'Staleness' as relates to probable cause is measured by the probability that the thing to be seized is located at the place to be searched and it involves the interval between (i) the

time when the thing to be seized is indicated by the evidence or information to be at the place to be searched and (ii) the time when the search warrant is issued." *Mitchell v. State,* 239 Ga. 456, 458 (238 SE2d 100) (1977). Reading the facts presented in a common sense manner, the justice of the peace was entitled to conclude that there was a probability of the continuing presence of illegal drugs on the premises. See generally *State v. Boswell,* 131 Ga. App. 657 (1) (206 SE2d 682) (1974). Under these circumstances the time (four days) which elapsed between the observation recited in the affidavit and the issuance of the search warrant was not unreasonable and did not preclude the justice of the peace from finding that probable cause existed for a search of the premises. Accord, *Wrenn v. State,* 151 Ga. App. 877 (1) (261 SE2d 783) (1979); *Tomblin v. State,* 128 Ga. App. 823 (3) (198 SE2d 366) (1973); State v. Monteith, 4 Or. App. 90 (1) (477 P2d 224) (1970). See generally Annot., 100 ALR2d 525, §§ 6 and 7.

2. In his sixth enumeration of error appellant contends that the contraband taken from his home was improperly admitted into evidence because the state failed to establish the chain of custody thereof. The evidence showed that each item seized during the search was turned over to the inventory officer at the scene. At the completion of the search all of these items were turned over to the sheriff who locked them in his "back office." Only he and his wife had access to the office. Shortly thereafter, the sheriff packaged the items and mailed them by certified mail return receipt requested to the State Crime Laboratory in Atlanta; the package was sealed by staples. The sheriff later received a green return receipt card signed by one Gary Sharpton as authorized agent; this green card had written upon it the case file number which the sheriff had assigned to this matter. The witness from the State Crime Laboratory testified that although he did not know who had placed the subject package on his desk, there was no evidence of tampering and the package was sealed with staples. He also testified that upon receipt of the subject package from the Dade County sheriff's office, the items contained therein remained locked in his personal evidence locker after examination and analysis and under his exclusive possession, custody and control until presented at trial.

Appellant contends that the gap in time from when the package was received by Gary Sharpton to when it was placed on the witness' desk at the State Crime Laboratory was fatal to the admission of this evidence. "[H]owever, . . . it is not necessary that the state negative all possibility of tampering but only that it show it is reasonably certain there was no alteration — when there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt

remains go to its weight." *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174) (1975). Therefore, the seized contraband was properly admitted into evidence. *Johnson v. State,* 143 Ga. App. 169 (1) (237 SE2d 681) (1977); *Baker v. State,* 137 Ga. App. 33 (2) (222 SE2d 865) (1975). See also *Lewis v. Phillips-Boyd Pub. Co.,* 18 Ga. App. 181 (3) (89 SE 177) (1916).

3. Appellant's remaining enumerations of error challenge the sufficiency of the evidence to support the verdict. However, since these enumerations are not supported by either argument or citation of authority, we deem them to have been abandoned. Court of Appeals Rule 15 (c) (2) (Code Ann. § 24-3615 (c) (2)); *Pressley v. State,* 158 Ga. App. 638 (1) (281 SE2d 364) (1981).

*Judgment affirmed. Quillian, C. J., and McMurray, P.J., concur.*

DECIDED SEPTEMBER 11, 1981.

*Roger R. Auman, Jr.,* for appellant.
*David L. Lomenick, Jr., District Attorney, James A. Meaney III, Assistant District Attorney,* for appellee.