*District Attorney,* for appellee.

## 65992. SAMPSON v. THE STATE.

BANKE, Judge.

The appellant was convicted on each of four separate indictments charging him, respectively, with possession of phencyclidine, possession of methaqualone, possession of diazepam, and possession of more than an ounce of marijuana, all in violation of the Controlled Substances Act. The drugs were seized during a single search of his mobile home and premises conducted pursuant to a search warrant. On appeal he enumerates nine alleged errors. *Held:*

1. The evidence was amply sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the appellant was guilty of each of the offenses charged. See generally *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980). Although the state neglected to ask its expert the results of the chemical tests conducted on the 38 pounds of suspected marijuana discovered outside the trailer, more than a pound of marijuana was also seized from inside the trailer, all of which was properly identified as such by the expert. Furthermore, we note that the appellant made a statement to police in which he admitted that the other 38 pounds was marijuana, also.

2 (a). The appellant contends that the court erred in denying his motion to suppress the contraband because the state failed to prove that the warrant was executed by a judicial officer with authority to do so. However, no such issue was raised in the motion to suppress itself. In fact, the motion affirms that the warrant was "issued by Justice of the Peace Paul Peal, Jr.," whose signature appears thereon. Thus, the state was not properly placed on notice that this issue would be raised at the hearing on the motion, and the objection must be deemed waived. See *Butler v. State,* 134 Ga. App. 131, 133 (213 SE2d 490) (1975). We also reject the appellant's contention that the warrant was inadmissible because the officers failed to file the affidavit with the issuing court after the warrant was executed or because there was no evidence indicating that a docket record of the warrant was made, as required by OCGA § 17-5-22 (Code Ann. § 27-304). These were technical irregularities not affecting the substantial rights of the accused. OCGA § 17-5-31 (Code Ann. § 27-312). Accord, *Manemann v. State,* 147 Ga. App. 747 (1) (250 SE2d 164) (1978). Compare *Varner v. State,* 158 Ga. App. 458 (280 SE2d 841) (1981). A proper foundation was established to both identify the affidavit and to permit the introduction of the warrant into evidence.

(b). The affidavit stated that an informant had observed marijuana and methaqualone in the appellant's trailer within the

past 48 hours, and it provided adequate information to support a conclusion that the informant was reliable and credible. Thus, the appellant's contention that probable cause did not exist for the issuance of the warrant is without merit. See *Keller v. State,* 162 Ga. App. 100 (290 SE2d 204) (1982). Cf. *Kouder v. State,* 154 Ga. App. 597, 599 (269 SE2d 92) (1980). The appellant's contention that the description of the place to be searched was not sufficient to enable the officers to locate it definitely and with reasonable certainty is also without merit, as detailed directions to the trailer were attached to the affidavit, leaving nothing to the discretion of the officers. See generally *Garner v. State,* 124 Ga. App. 33, 35 (182 SE2d 902) (1971). Compare *Durrett v. State,* 136 Ga. App. 114 (2) (220 SE2d 92) (1975).

3. The appellant contends that the following charge on constructive possession was unconstitutionally burden shifting: "Ladies and gentlemen of the jury, I charge you that where one owns, rents from others, or is a lessee of a house or premises, a presumption exists that he is in possession of the entire premises, and all the property thereon or therein. However, this is a rebuttable presumption, and may be overcome by proof that others had access to the premises. Whether or not this presumption is overcome is a question for the jury, alone, and I further charge you in that connection that if you find that the house or premises were used by others with the defendant, such evidence would not, alone, authorize a conviction, but such a fact, if it is a fact, may and should be considered by the jury, together with all the evidence in the case, and in passing upon the guilt or innocence of the defendant."

This language is almost identical to that approved by the Supreme Court in *Knighton v. State,* 248 Ga. 199, 200 (fn. 1) (282 SE2d 102) (1981), and this enumeration of error is consequently without merit.

4. With regard to his conviction for possession of diazepam, the appellant contends that a charge on accident was mandated by evidence that he told police his sister "had accidentally left the bottle at my place." The defense of accident is set forth in OCGA § 16-2-2 (Code Ann. § 26-602) as follows: "A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears that there was no criminal scheme or undertaking, intention, or criminal negligence." Although there may be evidence that the appellant's sister accidentally left the diazepam in his possession, there is nothing to indicate that the appellant himself did anything by accident or mistake. The trial court fully and correctly charged the jury on the state's burden of proving criminal intent beyond a reasonable doubt, and a charge on accident or misfortune was not required, particularly in the absence of a request

for one.

5. The trial court did not err in charging the jury on the law regarding confessions, as there was evidence that appellant had admitted that the drugs which were the subject of three of the four indictments belonged to him, and he did so without citing any exculpatory or legally justifying facts which would tend to show a lack of criminal intent. See generally *Robinson v. State,* 232 Ga. 123, 126 (205 SE2d 210) (1974); *Wells v. State,* 247 Ga. 792, 797 (279 SE2d 213) (1981).

6. The evidence would not have supported a charge on the misdemeanor offense of possession of less than an ounce of marijuana, even had the appellant requested such a charge. See *Manbeck v. State,* 165 Ga. App. 625 (—— SE2d ——) (1983).

7. The mere fact that several other GBI agents could possibly have gained access to the contraband after the agent who seized it placed it in the GBI's evidence room in Calhoun, Georgia, does not render the chain of custody deficient. The agent responsible for the contraband testified that he saw no indication that the drugs were tampered with while stored in this location, and the appellant produced no evidence that any tampering or substitution had occurred. Mere speculation that tampering or substitution may have taken place is insufficient to require exclusion of the evidence. See *Johnson v. State,* 143 Ga. App. 169 (237 SE2d 681) (1977); *Strong v. State,* 161 Ga. App. 123, 124 (291 SE2d 33) (1982). Accord, *Shrader v. State,* 159 Ga. App. 522 (2) (284 SE2d 37) (1981).

8. The trial court properly disallowed attempts by appellant's counsel on cross-examination to determine the possible motives of the informant for supplying the information which led to the issuance of the search warrant. These questions were not relevant to the issues being tried but sought rather to obtain information concerning the informant's identity which the state was entitled to withhold. See *Plemons v. State,* 155 Ga. App. 447, 450 (270 SE2d 836) (1980).

9. The evidence authorized the trial court to conclude that the appellant's statement to police was voluntary and not induced by hope of reward or fear of injury. See generally OCGA § 24-3-50 (Code Ann. § 38-411). A contrary conclusion was not required by evidence that the officers told the appellant that his step-father and girl friend, who were also arrested at the trailer, were going to remain under arrest pending a determination of who was in possession of the contraband. Such a statement falls into the category of a mere "truism" or "recounting of the facts," rather than an offer of benefit or threat of injury. See *Copeland v. State,* 162 Ga. App. 398, 400 (291 SE2d 560) (1982).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH 17, 1983.

*William Ralph Hill, Jr.,* for appellant.

*David L. Lomenick, Jr., District Attorney, Herbert E. Frank-lin, Jr., Assistant District Attorney,* for appellee.