A97A1707. BOLT v. THE STATE.
(498 SE2d 371)

RUFFIN, Judge.

Eric Bolt was arrested for cultivating marijuana in violation of the Georgia Controlled Substances Act (OCGA § 16-13-30). We granted Bolt's Application for Interlocutory Appeal to consider whether the trial court erred in denying his motions to suppress evi-

dence obtained through a search warrant and to reveal the identity of the confidential informant who provided police with information concerning the offense. For reasons which follow, we affirm.

1. " 'When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. (Cit.) The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. (Cits.) Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them. (Cit.)' " *State v. Burnett*, 220 Ga. App. 133, 134 (469 SE2d 324) (1996).

Viewed in this light, the evidence shows that Officer Craig Fowler of the Marietta Police Department received information from a confidential informant who reported that she observed marijuana growing in an apartment house. The informant, a former marijuana user who had on numerous occasions provided reliable information to Fowler, reportedly saw a large marijuana plant in the apartment when the window blinds were open. After receiving the information, Officer Fowler confirmed the location of the apartment and spoke with the complex manager. According to Officer Fowler, the manager told him that Bolt lived in the apartment and that "[Bolt] had raised some suspicion to her because he had changed the lock on his apartment and would not allow any entry into his apartment, even for maintenance work."

Based on this information, Officer Fowler applied for a search warrant. According to Fowler, he completed a written affidavit and provided oral testimony to the magistrate in support of his application. Although the original affidavit was missing from the magistrate court's files, at the suppression hearing the State produced a copy kept in the police department files. Officer Fowler testified that although there was a pencil mark on the copy, it was a true and accurate reproduction of the affidavit he submitted to the magistrate court. Upon executing the search warrant, police found approximately 30 marijuana plants growing in Bolt's apartment, along with cultivating equipment, guns and other weapons.

Bolt asserts that evidence of the contraband should have been suppressed because there was no evidence that Officer Fowler filed a supporting affidavit for the search warrant and because the original affidavit, if one existed, was never located and introduced into evidence. We disagree.

OCGA § 17-5-31 provides that "[n]o search warrant shall be quashed or evidence suppressed because of a technical irregularity not affecting the substantial rights of the accused." We have held that the mere failure to file a supporting affidavit after a warrant has

issued is a technical irregularity not affecting the substantial rights of the accused. *Sampson v. State*, 165 Ga. App. 833 (2) (a) (303 SE2d 77) (1983). In this case, Officer Fowler's uncontested testimony shows that he submitted a supporting affidavit to the magistrate who issued the warrant. Even if Officer Fowler failed to ensure that the affidavit was filed with the clerk after the magistrate issued the warrant, under *Sampson*, such was a technical irregularity not affecting Bolt's substantial rights. See id.

We similarly find no merit in Bolt's assertion that the copy of the affidavit was inadmissible. Officer Fowler's uncontradicted testimony showed that the copy was a true and accurate reproduction of the affidavit he submitted to the magistrate court. Under the circumstances, Bolt's assertion that the lost original merited the grant of his motion raises no more than a technical irregularity which is insufficient to exclude the contraband from evidence. See *Cayce v. State*, 192 Ga. App. 97 (2) (383 SE2d 648) (1989).

2. We also find no merit in Bolt's assertion that the trial court erred in denying his motion to disclose the identity of the confidential informant. The evidence shows that the informant merely provided police with information about suspected criminal activity. There was no evidence that the informant was paid for the information, that the informant participated in the offense in any manner or had access to the apartment, or that the informant was present during the search or arrest. Under these circumstances, the informant was a mere tipster whose identity was absolutely privileged. See *Thornton v. State*, 238 Ga. 160, 163 (2) (231 SE2d 729) (1977) (illustrating differences between an informer-participant, informer-witness and mere tipster); *Branch v. State*, 248 Ga. 300 (2) (282 SE2d 894) (1981) (informer who was not paid for information, who took no part in offense and was not present at time of offense was mere tipster); and *Johnson v. State*, 164 Ga. App. 501 (4) (297 SE2d 38) (1982) (informer who did not participate in alleged crime and was not present at the search and arrest was mere tipster; physical precedent only). The trial court did not err in denying Bolt's motion.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 25, 1998.

*Fraser & Fraser, Mark S. Fraser*, for appellant.
*Thomas J. Charron, District Attorney, Andrew J. Saliba, James Albertelli, Assistant District Attorneys*, for appellee.