## 4439.  MOORE *v.* THE STATE.

POTTLE, J. 1. One of the modes of impeaching a witness is by disproving the facts testified to by him. Penal Code (1910), § 1051. Where, in a criminal case, a witness for the accused testified directly to a contrary state of facts from that testified to by a witness for the State, it was not error to charge the jury on the general subject of the impeachment of witnesses. Even when no effort at all is made to impeach a witness in any of the methods prescribed by law, it would not ordinarily be error requiring the grant of a new trial to charge the jury on the subject of the impeachment of witnesses. Generally such an instruction would be harmless.

2. An indictment charged generally the sale of intoxicating liquor in a named county on a given day. It was not error in the trial of this indictment for the court to instruct the jury in general terms that if they were satisfied from the evidence, beyond a reasonable doubt, that the accused sold whisky to any person within two years prior to the finding of the bill of indictment, and in the county in which the same was found, they ought to convict; and this is true even though the only evidence for the State was to the effect that the accused had made one or more sales of intoxicating liquor to only one person.

3. The evidence fully authorized the verdict.    *Judgment affirmed.*

DECIDED NOVEMBER 12, 1912.

Indictment for sale of liquor; from Randolph superior court— Judge Worrill. September 7, 1912.

*M. C. Edwards,* for plaintiff in error.

*J. A. Laing, solicitor-general, R. R. Arnold,* contra.