### 28854. NEWMANS *v.* THE STATE.

DECIDED JULY 14, 1941.

*Fred T. Lanier,* for plaintiff in error.
*B. H. Ramsey, solicitor,* contra.

MacINTYRE, J. W. D. Newmans was convicted under an accusation charging him with the offense of misdemeanor in two counts in that he did then and there use, drive, and operate an automobile (in violation of Code, § 68-9908) while under the influence of intoxicating liquors and in a manner so as to endanger life, limb, and property, in and upon the public highway and (in violation of Code, § 68-9919) in such a manner as to be in wilful and wanton disregard of the safety of persons and property.

There was sufficient evidence to authorize the verdict. One witness for the State testified that he was driving along the highway and attempted to pass the defendant's car, and every time he attempted to do so the defendant, who was driving, would pull out in front of the witness. Witness followed defendant for about twenty miles and finally passed him. Later the defendant attempted to pass witness and witness slowed down and defendant's car swayed over against witness's car. Witness thought it was a hold-up. When they approached the curve the defendant cut it on the left

side of the witness's car. The defendant's car went down an embankment and turned over two or three times. The witness stopped his car, got out and went back to the wreck and said that the defendant was the drunkest of the two occupants of the car. Troopers Reynolds and Rogers testified that in their opinions the defendant was under the influence of intoxicating liquors. The evidence authorized the verdict and the general grounds of the motion for new trial are not meritorious.

Grounds 4 and 6 complain of the admission in evidence of a carbon copy of the ticket signed by the witnesses Reynolds and Strickland charging the defendant with the offense of reckless driving and driving while under the influence of intoxicating liquors, and in allowing Reynolds to testify: "I fixed out that ticket attached to that warrant. The notation I made on the ticket was, he was driving under the influence of intoxicating liquors, and the second is driving reckless. I wrote this myself." The defendant contends the evidence was irrelevant, inadmissible, and an oral statement of a written notation that the witness made based upon information he received from others and not made in the presence of defendant. This court has held: "All papers executed by the same stroke upon a typewriter,—those written by carbon impressions, as well as the sheet which receives the stroke of the letter from the typewriter,—are alike originals, and after the identity of the stroke of the typewriter has been established, any of the manifold copies may be introduced as the original writing in the case." *Lewis* v. *Phillips-Boyd Pub. Co.,* 18 *Ga. App.* 181 (2) (89 S. E. 177); *Savannah Bank and Trust Co.* v. *Purvis,* 6 *Ga. App.* 275, 278 (3) (65 S. E. 35); *Hannifin* v. *Wolpert,* 56 *Ga. App.* 466 (193 S. E. 8). In the instant case, the witness identified his signature and stated that he fixed the ticket (summons) himself, and having done so the evidence was not objectionable for the reason that the original was unaccounted for; nor was the testimony with reference to this ticket inadmissible. Code, §§ 38-706, 38-707.

In ground 5 the defendant objects to the introduction of evidence of the State's witness to the effect that he (witness and State trooper) took the defendant to the hotel, because he had a broken leg, with the understanding that the defendant would make bond the next morning. The objection to this evidence was that it did not appear that at the time a warrant had been sworn out against

the defendant and the warrant was not issued until a week later. In this State an officer may make an arrest without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant. Code, § 27-207. Under the Public Safety Statute (Code, § 92A-509), State patrolmen have authority to prefer charges and bring the offender before an ordinary (or municipal or police court, as the case may be), who has jurisdiction to conduct trials, receive pleas of guilty, and impose sentence upon defendants violating the penal provisions of Title 92A and other traffic laws of this State. Code, § 92A-501. If the defendant wishes a trial by jury, or upon conviction after waiving trial by jury in writing, he shall be bound over to the court having jurisdiction to try the case (Code, §§ 92A-504, 92A-510), or upon appeal to the superior court the defendant is entitled to bail and shall be released from custody upon giving bond as is provided for appearances in criminal cases in the courts of this State. It therefore appears that under the laws of this State the officer was authorized to take the defendant immediately before an ordinary (or other proper tribunal) for trial or the giving of bond. However, the officer here, out of courtesy, allowed the defendant on his word to go to the hotel for the night under the assurance that he would give bond the next day. The conduct of the accused under an accusation of crime has evidentiary value, and where, as here, it tends to show guilt, either by implication or admission, it is competent evidence against him. Thus, the flight of a person suspected of crime is a circumstance for the jury as tending in some degree to prove a consciousness of guilt. 2 Wharton's Criminal Evidence (10 ed.), 1750. We think the evidence here objected to was not inadmissible for any reason assigned.

The judge charged generally on the law of impeachment of a witness, by (1) disproving the facts testified to by him, (2) proof of contradictory statements, and (3) by proof of general bad character. The defendant contends this was error requiring a new trial because there was no evidence to authorize such a charge and this was confusing to the jury and prejudicial to the defendant. Our court has held that "Where, in a criminal case, a witness for the accused testified directly to a contrary state of facts from that testified to by a witness for the State, it was not error to charge the

jury on the general subject of the impeachment of witnesses. Even when no effort at all is made to impeach a witness in any of the methods prescribed by law, it would not ordinarily be error requiring the grant of a new trial to charge the jury on the subject of the impeachment of witnesses. Generally such an instruction would be harmless." *Moore* v. *State,* 11 *Ga. App.* 801 (76 S. E. 159). The Supreme Court has held that it would not be error in any case where the testimony, as here, was conflicting, for the judge to charge that a witness might be impeached by disproving facts testified to by him. It is improper for the judge to charge on the subject of impeachment of witnesses by proof of general bad character, or proof of previous contradictory statements, unless some attempt has been made to thus impeach a witness, but such an error would not generally be sufficient reason for a reversal of a judgment. *Southern Ry. Co.* v. *O'Bryan,* 119 *Ga.* 147, 151 (2) (45 S. E. 1000). Again, this court said that such would not be error requiring a new trial unless, under the facts in the case, the charge was prejudicial to the party excepting. *American Fidelity etc. Co.* v. *McWilliams,* 55 *Ga. App.* 658, 662 (8) (191 S. E. 191), and cit. Under the facts of this case we do not think that reversible error is disclosed.

The defendant contends in ground 8 that the judge erred in failing to charge the jury in regard to the two different counts in the accusation, and failed to charge the jury that they might convict the defendant on one count and find him not guilty on the other if they saw fit to do so; movant contending that under the evidence the jury might have found the defendant not guilty under the first count and guilty under the second count. The evidence was sufficient to authorize a conviction on both counts. Although there was a general verdict of guilty, yet the sentence of the court was only within the limits of the punishment prescribed by the Code, § 68-9919, for only one of the counts, to wit, reckless driving. Therefore, it follows that if we should concede that this was error on the part of the judge to fail to charge as contended by the defendant, yet it was harmless error because the defendant was sentenced to serve for only one count, which was no more benefit than he would have obtained had the judge charged as suggested by the defendant. This ground is not meritorious.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*