## 35108. KELLY *v.* THE STATE.

DECIDED APRIL 29, 1954.

*Orrin Roberts,* for plaintiff in error.
*Roy Leathers, Solicitor-General,* contra.

GARDNER, P. J. ■ As to the general grounds, the evidence sustained the verdict under Code § 27-2507. Since the officers did not pay the defendant any money for the whisky, the jury were authorized to believe that no sale was actually made, but that an attempt had been committed for the illegal sale of whisky. The husband is presumed to be in charge of and in control of the effects in the home. In this connection, see *Williamson* v. *State,* 40 *Ga. App.* 496 (2) (150 S. E. 464). The evidence is sufficient to sustain the verdict.

■ Special ground 1 complains of an excerpt from the charge of the court, as follows: "So far as the date is concerned, it would not be necessary that the State should prove that the alleged offense was committed on the exact date as charged in the indictment. But if the State should otherwise prove the allegations as charged, then so far as the date is concerned it would be sufficient if the alleged offense should be proven to have been committed at any time within two years before this indictment was returned by the grand jury."

Error is assigned on this excerpt because this portion of the charge was error and harmful to the defendant; that it was not applicable to the facts as proven; that it opened up an entirely different case, so that the jury might find the defendant guilty of an attempt to sell whisky at any time within two years prior

to the return of the indictment; and that the excerpt was confusing to the jury. See *Moore* v. *State*, 11 *Ga. App.* 801 (2) (76 S. E. 159). There is no merit in this special ground.

■ Special ground 2 complains because the court admitted in evidence the following testimony of a State's witness: "I am W. W. Kitchens, and I am a police officer here in Covington. I had an occasion to go to the home of this defendant on the night of July 3. I went there because we received a call in regards to some whisky. Upon my arrival there, I saw Mr. Ballard and Mr. Causey. When I arrived there I saw a quart of whisky. One of the officers had it there, and we found some more, it was in the pantry in the front room facing South Street on a little shelf, and there was a half-gallon fruit jar in the back room that had the odor of whisky in it. We brought the two quarts of whisky in and carried it down to the jail and locked it up in the outhouse there in back of the jail. We also took his beer. We took two full cases and I don't remember just how many." It appears from this ground that counsel for the defendant stated: "Now, Your Honor sustained the objection a while ago, he's going right back into it."

When counsel for the defendant made this statement, the court immediately made the following statement: "Just a minute. The court understood that part of the defendant's statement. He stated that some beer was carried away by certain officers, and the court instructs the jury, this defendant is not being tried for the sale of beer. That it is not unlawful to possess beer unless it's possessed for the purpose of sale and that is not charged in this indictment. Now the court instructs you gentlemen that in this case you are not concerned with any questions pertaining to the beer, unless or insofar as it may go to the question of credit or credibility that you . . . or weight that you will accord to the defendant's statement or other testimony or evidence in the case."

The objection, being incomplete, raised nothing for this court to pass upon. The allegations in this special ground do not show anything which brought the defendant's character into issue or anything intended to discredit the defendant's statement. The defendant in his statement said in effect that the officer carried beer from his home, which belonged to his wife. This special ground is not meritorious.

The court did not err in denying the motion for new trial. *Judgment affirmed. Townsend and Carlisle, JJ., concur.*