## 49874. McNEILL v. THE STATE.

Quillian, Judge.

Defendant was charged with three counts of unlawful distribution and sale of heroin. Four undercover agents of the Georgia Division of Investigation collaborated in the purchase of heroin on three separate occasions. The defendant participated in each sale personally. He was convicted by a jury on all three counts. He appealed to this court and we reversed, holding that

the trial court erred in failing to specifically charge the jury that the burden was on the state to prove beyond a reasonable doubt that the defendant was not entrapped. (Citing *Reed v. State,* 130 Ga. App. 659, 661 (204 SE2d 335)). Certiorari was granted by the Supreme Court and they reversed, holding that it was not error for the judge to fail to charge as stated above. See *State v. McNeill,* 234 Ga. 696. We now turn to the remaining enumerations of error.
*Held:*

1.  Defendant contends the trial court erred in failing to charge the jury on the issue of possession of heroin, which foreclosed the jury's consideration of that offense and confined their deliberation to the crime of sale of drugs. The evidence presented proved beyond all reasonable doubt that the offense charged, the sale of heroin, had been completed — therefore it was not error to fail to charge on any lesser included crimes. *Robinson v. State,* 232 Ga. 123 (3) (205 SE2d 210).

2.  Enumerated as error is the charge of the court on impeachment as defendant avers "there was no attempt at any stage of the trial to impeach a witness." Aside from minor variations in the version of events surrounding the sales, between the defendant and the state's witnesses, the defendant stated that he had been injured in an accident almost two years earlier and became paralyzed from the waist down. He testified that while he was in the hospital he received "morphine, dillaudid, codeine, demerol, valium . . . every three hours for 6 weeks." After his release from the hospital he said he "was just in pain all the time." He met "this boy and . . . shot some heroin one day, and it killed all the pain and that's how" he became a drug addict.

The state called the doctor who treated defendant while in the hospital and he testified that defendant was not given morphine while in the hospital and "this man had a total absence of all sensation below the area of the navel down on both sides." Counsel for defendant cross examined as to the possibility of "phantom pain" and some pain in the area of the fracture. However, the thrust of the state's evidence was to contradict defendant's testimony that he was exposed to addictive drugs as the result of an accident and later became a

heroin addict to relieve the constant pain in his legs.

The court gave an instruction on conflicts in testimony of witnesses and credibility, and thereafter included the complained of charge on impeachment. It is the duty of the court to charge the jury as to every material, substantial, and vital issue in the case. *Berger v. Plantation Pipeline Co.,* 121 Ga. App. 362 (173 SE2d 741). A witness may be impeached by disproving the facts testified to by him. Code § 38-1802. Where, as here, there is a conflict between the testimony of the defendant and a state's witness, we do not find a charge on impeachment improper. *Moore v. State,* 11 Ga. App. 801 (1) (76 SE 159); *Newmans v. State,* 65 Ga. App. 288, 291 (16 SE2d 87).

3. The failure of the trial court to charge the jury on the elements of the statute which the indictment charged defendant with violating is enumerated as error. The transcript shows the state's attorney called this omission to the attention of the judge. The judge stated: "All right, bring the jury [back]." Counsel for the defendant argued: "If your Honor please, as you read the indictment it said what he was charged with, and I think that clearly takes that in that he was charged with whatever the indictment said. I think that clearly covers that code section. I think to bring the jury out will magnify the situation and will be prejudicial to the defendant." After further argument by both counsel, the district attorney said: "If [counsel for defendant] would be against recharging, I'll go along with his views on that." The judge acceded to the desire of defendant's counsel not to charge the jury on this statute and now defendant alleges this to be error. If this be error — defendant invited it and we will not reverse because of defendant's change of opinion at the appellate level. This enumeration is not meritorious.

4. We find the remaining enumerations to be without merit.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Submitted November 4, 1974 — Decided September 29, 1975.

*Nicholson, Fleming & Blanchard, John Fleming, Bobby G. Beazley,* for appellant.

*Richard E. Allen, District Attorney, Sam B. Sibley, Jr., Assistant District Attorney,* for appellee.