## 56488. WOMACK v. THE STATE.

McMurray, Judge.

Defendant was indicted for the offense of robbery by intimidation. He was convicted and sentenced to serve 12 years, the first seven years in confinement, and following his release from confinement the remainder of the sentence imposed to be served by the defendant on probation. Defendant appeals. *Held:*

1. Defendant's first enumeration of error complains of the court's refusal to give a written request to charge on the lesser included offense of theft by taking, contending that the evidence authorized such a charge. Robbery always involves theft or attempt at theft and theft involves the taking of the property of another. Generally, the evidence in a case of robbery may require the court to charge on both the greater and lesser offenses. See *Hinton v. State,* 127 Ga. App. 108 (192 SE2d 717). The evidence here was that the robber entered a convenience store with a towel wrapped around his left hand. In making a purchase and while the cash register drawer was open, the robber addressed the operator as follows: "Put all the money in the bag," and brought his left arm forward from his waist and "pointed his hand toward me [the operator]. It was wrapped in the towel." The operator testified he was "scared." The jury could determine his state of mind was that he was being robbed, although he could not detect a weapon inside the towel. He then picked up a paper bag and put all the money in the cash register in the bag, after which the robber went out the door and ran from the store.

Shortly after the officers arrived at the scene when the robbery was reported and approximately 40 minutes after their search of the area, they returned to the store with a "tan-goldish" knit shirt, a paper sack and a "pair of pants" which contained a wallet, all found along a route in a direct line from the convenience store. The wallet

contained an identification card and photograph which was identified, when shown to the operator of the convenience store, as "the same person that robbed him—had just robbed him."

The sole defense of the defendant who admitted that some of the clothing found was his property, including the wallet, was that of alibi or mistaken identity. He testified that his clothing had been taken from him while swimming at an apartment swimming pool (which was prior to the robbery), and after his swim he noticed his clothes were not there except his tennis shoes. Under the circumstances it was not error to fail to charge on the lesser offense of theft by taking, since the state's evidence would require a verdict of guilty of robbery by intimidation as charged unless the jury believed the defendant's testimony which would require an acquittal. See *Hinton v. State,* 127 Ga. App. 108, supra; *Sanders v. State,* 135 Ga. App. 436 (2), 437-438 (218 SE2d 140); *Arnold v. State,* 133 Ga. App. 451 (3) (211 SE2d 404). There is no merit in defendant's first enumeration of error.

2. The finding of the clothing along a street in the general direction in which the robber fled, including the wallet in the pants which contained an identification card showing a photograph of the defendant, was not presented to the operator of the convenience store in such a manner as to be so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. The trial court did not err in refusing to suppress the in-court identification by the sole eyewitness. The length of time between the crime and the confrontation, that is, the presentation of the photograph, was approximately 40 minutes. The clothing from which the wallet and photograph were taken was identified by the operator as resembling those the robber had worn. Considering the totality of the circumstances the identification was reliable even though the confrontation procedure as to one photograph was suggestive. See *Heyward v. State,* 236 Ga. 526, 528-529 (224 SE2d 383). Compare *Baier v. State,* 124 Ga. App. 334 (183 SE2d 622). The operator was thoroughly questioned as to his in-court identification of the defendant as the man who had robbed

him. The trial court did not err in refusing to suppress the in-court identification.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 6, 1978 — DECIDED OCTOBER 12, 1978.

*J. H. Affleck, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.