## 60564. ARNOLD v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried and convicted of the offense of armed robbery, in that he did take money from an employee of a convenience store by the use of an offensive weapon. He was sentenced to serve a term of 10 years. Motion for new trial was filed, heard and denied. Defendant appeals. *Held:*

1. The first enumeration of error contends that the trial court erred in denying defendant's motion to suppress the victim's in-court identification testimony because it was tainted by reason of an earlier one-on-one identification which was impermissibly suggestive. The victim testified that the armed robbery occurred at approximately 12:30 a.m. in the City of Athens, Clarke County, Georgia, at which time he had noticed a "yellowish looking Buick . . . either a Buick or some type of mid '70 model or something or other, or a Cadillac . . . [i]t was a big yellow car" parked near the store, and, approximately 30 seconds thereafter, an individual ran into the store with a rifle in his hand with a blue mask or cloth covering his face from the nose down. The robber demanded money from the victim, and he was able to describe his assailant as a very slim black man, having a very short afro haircut, approximately 5 ft. 10 in. or 5 ft. 11 in. tall, wearing a beige pair of slacks and a patterned shirt slightly darker than the slacks. The robber took approximately $20 or $25 in a brown paper sack. The victim observed the robber's direction of flight and called the police, who arrived 2 or 3 minutes later. The robber's description and that of the yellow automobile were broadcast to all police units. A police detective testified that he searched the area around the store including the direction of the robber's flight. As a result of his search

he recovered an empty brown bag, a .22 caliber rifle, and a red, white and blue T-shirt, which he subsequently showed to the victim for identification. The victim identified these objects, that is, that the gun was the one most likely used in the robbery and the T-shirt was possibly used as the mask. In the meantime, other police officers had stopped a 1973 or 1974 model Buick Electra 225 approximately 3/4 of a mile or less from the scene of the crime. Two black males were in the automobile, the driver and the defendant (identified thereafter).

The defendant did not have a shirt on (nude from the waist up) at the time of being stopped by the officers but was wearing light colored slacks. Returning to the convenience store with the two males, the victim made a positive identification of the defendant who still had no shirt on at that time but was wearing light colored or beige slacks. The victim's testimony was that he based his positive identification on the facial contours, the hair, the eyes, the forehead, the clothing, the color of skin, build, size, and height. The defendant's brother identified the rifle as his property, contending it was missing on the night of the crime from his bedroom and he had seen his rifle that day when he got home from work. The defendant occupied the bedroom next to his brother's room. The victim also later identified a patterned shirt found under the seat of the automobile as looking like the shirt worn by the robber.

At the in-court identification, counsel moved to suppress same on the grounds that it would be tainted by the pretrial confrontation at the scene of the crime, and a hearing was held on this issue. The victim contended he could identify defendant that day just like he did immediately after the robbery. As a general rule, the one-on-one confrontation between the eyewitness and the suspect before a trial has been condemned. See Stovall v. Denno, 388 U. S. 293, 302 (87 SC 1967, 18 LE2d 1199). However, our appellate courts have consistently upheld the admission of in-court identifications when prior one-on-one showups are reasonably and fairly conducted at or near the time of the offense. *Bennefield v. Brown,* 228 Ga. 705, 706 (3) (187 SE2d 865); *Hobbs v. State,* 235 Ga. 8, 9 (218 SE2d 769); *Womack v. State,* 147 Ga. App. 522, 523 (2) (249 SE2d 332); *Daniel v. State,* 150 Ga. App. 798, 799 (258 SE2d 604).

The case sub judice is somewhat similar on its facts to the identification of the defendant by the victim while in custody and immediately after the crime as shown in *Bennefield v. Brown,* 228 Ga. 705, 706, supra. Here the one-on-one confrontation was permissible in aiding a speedy police investigation and because there were possible doubts as to the identification which needed to be resolved promptly and in order to enhance the accuracy and reliability of identification in order to permit the expeditious relief of innocent

subjects. See also *Womack v. State,* 147 Ga. App. 522, 523 (2), supra; and *Heyward v. State,* 236 Ga. 526, 529 (224 SE2d 383).

Considering the totality of the circumstances here, the trial court did not err in denying the motion to suppress the victim's in-court identification testimony. The case of Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401), which provides a test for the due process guarantee of a fair trial with reference to so-called suggestive lineups does not require reversal here.

The totality of the testimony here shows clearly that there was not a substantial likelihood of irreparable misidentification in this case. See *Payne v. State,* 233 Ga. 294, 299 (210 SE2d 775); *Tate v. State,* 153 Ga. App. 508, 509 (1) (265 SE2d 818) and cases cited therein. There is no merit in this complaint.

2. Defendant contends that the evidence presented by the state was insufficient as a matter of law to support his conviction. Defendant contends that other than the so-called impermissibly tainted identification the remaining evidence against the defendant was clearly circumstantial. However, the in-court identification of the defendant, which is direct testimony, together with the other evidence, which to a certain extent was circumstantial was ample to support the verdict inasmuch as the testimony and exhibits corroborated the victim's testimony with reference to the circumstances surrounding the robbery. After careful review of the trial transcript and record, we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of the crime of armed robbery in this instance. See *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Dukes v. State,* 151 Ga. App. 312, 313 (259 SE2d 706). There is no merit in this complaint.

*Judgment affirmed. Smith and Banke, JJ., concur.*

Submitted September 4, 1980 — Decided September 19, 1980.

*Vicki Affleck,* for appellant.
*Harry N. Gordon, District Attorney,* for appellee.