66160, 66269. HAWKINS v. THE STATE (two cases).

QUILLIAN, Presiding Judge.
Defendants, Patricia and Robert Hawkins, appeal their convictions of 13 counts of theft by taking. Robert Hawkins was an agent for the Atlantic & Pacific Life Insurance Company (A & P). His wife, Patricia, went with him so that he could gain entrance into homes where ladies were reluctant to let a man enter. She was also "in training" to become an insurance agent and assisted him in explaining things to applicants and sometimes made out the

applications. Hawkins was instructed by A & P to have all premium checks made out to A & P and to transmit the checks to the company together with the application for insurance. Hawkins was to receive one-half of the amount of the premium check as his commission. However, if the policyholder cancelled the policy within 30 days, the entire premium was returned to the applicant and the amount previously paid to the agent charged against future commissions to be paid the agent. A dispute arose between Hawkins and A & P as to the amount of charge backs placed against his account.

In the 13 counts charged against Hawkins and his wife, the defendants accepted checks from the applicants made out to A & P and deposited them in either a personal checking account or an account titled "Benefits Unlimited." Patricia and Robert Hawkins were the only persons authorized to draw checks on the "Benefits Unlimited" account. Hawkins or his wife deposited the checks in their account and then both of them withdrew the proceeds. Their checks on those accounts show that the funds were used for normal every-day expenditures, including payment of back support payments by Hawkins to children of an earlier marriage. Hawkins mailed all of the applications for insurance to A & P, together with his personal check in the amount he figured the company was supposed to receive. However, the check was made out in one written amount and a different numerical amount. Also, Hawkins testified that he didn't have enough money in his account to cover either amount. A & P returned the applications and the check to Hawkins and subsequently dismissed him. A & P refunded all funds to each applicant and took in return the cancelled checks the applicants had given Hawkins with the application for insurance.

The jury returned a verdict of guilty and the defendants bring this appeal. *Held:*

1. Denial of defendants' motion for continuance is enumerated as error. Both attorneys were appointed on Thursday, October 21, 1982, at approximately 11:00 a.m. The case was called for trial on Tuesday, October 26, 1982. When the case was called in the morning the court stated that trial could not begin until that afternoon, that all the witnesses were present and "I will give you all plenty of time to talk with them." One witness had not arrived at that time but was present before the case was called. Following the same objection in the afternoon, the court excused the jury and advised counsel "you can interview any and all of the witnesses as long as you want to." One witness was not present and after he arrived the court asked counsel: ". . . have you exhausted your desire to interview the witness . . .?" Counsel stated: "Yes sir, we have."

At first blush, it might appear that a trial with so many counts

might be complex or difficult. However, each applicant for insurance had the same evidence. She was interviewed by the defendants for nursing home insurance. An application was made out and a check was given to the defendant, made out to A & P, in payment of the first year's insurance premium. Neither defendant denied their involvement, their identity, or the fact that the application for insurance had been made out and the check received from that applicant in the amount stated, nor that those checks had not been sent to A & P, but were deposited in their personal account or the "Benefits Unlimited" account.

The decision to grant or deny a motion for a continuance is within the sound discretion of the trial court and will not be cause for reversal absent abuse of that discretion. *Fleming v. State,* 236 Ga. 434, 437 (224 SE2d 15). We find no abuse of discretion of the trial court based on the ground that counsel had not had sufficient time to prepare for trial. *Burnett v. State,* 240 Ga. 681, 684 (242 SE2d 79).

2. Counsel for the defendants and the district attorney entered into a pre-trial stipulation that in lieu of defendants filing "Brady" motions or similar discovery motions "the District Attorney will permit defendant's counsel to read and inspect his entire file on the above-styled case . . . All exculpatory or arguably exculpatory information contained in said file will be copied and delivered to defendant's counsel, together with copies of scientific and lab reports and in custody statements of defendants . . ."

The state called Annelle Swillen who was in charge of agents for the A & P Insurance Company. She testified that Hawkins was an agent for A & P and he had sent in applications for insurance for the persons listed in the various counts of the indictment without any money. She personally contacted each and every one of the applicants for insurance and gave them a check from A & P in return for signing a release and an assignment of their cause of action against anyone because of the check each person had given to Robert Hawkins. She also received from each person the cancelled check that they had given to Robert Hawkins to pay for insurance from A & P. The releases, assignment of action, the check given to the applicant by A & P, and the check given by the applicant to Robert Hawkins were marked as state exhibits 4 through 16. Swillen brought those exhibits to court in her briefcase.

The defendants objected to these documents on the ground that they were hearsay and that they violated "the spirit of the stipulation" signed by counsel. The state offered the testimony of Swillen to show that these documents were made in the regular course of business and we find no conflict with the offer by the state of evidence brought to court by Swillen and the stipulation which

permitted defendants' counsel to inspect the district attorney's file. These enumerations are without merit.

3. The defendants objected to entry into evidence of state exhibits 40, 42, and 43. The objections made were that the exhibits were hearsay, in violation of the best evidence rule, and violated the spirit of the stipulation between counsel on discovery.

Exhibit 40 was a photostatic copy of the signature card of both defendants on file with the Security Bank and Trust Company for account number 21-00140-9 — an account which had been used by the defendants to deposit checks made out to A & P. It is evident from the testimony of the custodian of the bank's records that the original of the signature card was on file in the bank and he brought with him a photostatic copy, which was a copy routinely made in the normal course of business. Our Code permits the use of photostatic copies of records made in the regular course of business. Code Ann. § 38-710 (OCGA § 24-5-26); *DeFreeze v. State,* 136 Ga. App. 10, 11 (220 SE2d 17). Further, it was clear that the custodian brought the copy with him when he appeared to testify and it had not been in the state's file for perusal by the defendants.

State exhibit 42 was a copy of a letter that had been handed to Patricia Hawkins which was addressed to her husband — from A & P. The letter advised Robert Hawkins that all monies from applicants must be remitted directly to A & P and any refund would be made to the applicant. The defendant admitted it was his wife's signature on the letter and that he was later advised of its contents. Regardless of the objection made, the evidence offered was addressed to one defendant, signed for by the other defendant, and was from Robert Hawkins' employer directing him not to do exactly what he had done to commit the crime with which he was charged. It is admissible as evidence relevant to the issues and was identified by one defendant. *Strickland v. Foundation Life Ins. Co.,* 129 Ga. App. 614 (2) (200 SE2d 306).

Exhibit 43 was a letter from A & P to Robert Hawkins advising him that his premium submissions were incorrect and unacceptable and that he had previously been told that the company would not accept payment of premiums in the manner he had attempted. They returned his check "from Benefits Unlimited" made out in one place for $2,029.08 and in another place for $2,729.08. A & P instructed him on what he had to do to have the insurance applications accepted by A & P. Robert Hawkins admitted that he had received that letter from A & P. This corroborated the testimony of Annelle Swillen that she had done exactly what the letter said. Robert Hawkins also admitted that the company had done what the letter said. Accordingly, the letter was cumulative of other admissible evidence admitted without

objection, and is not error. *West v. State,* 146 Ga. App. 120 (2) (245 SE2d 478).

4. Exhibits 44 and 45 were admitted in evidence over objection. They were certified copies of convictions of both defendants. It is contended that they placed the character of the defendants in evidence. We find no error. Our Supreme Court has stated that before evidence of independent crimes is admissible there must be evidence that the defendant was the perpetrator and "there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] Once the identity of the accused as the perpetrator . . . has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct." *State v. Johnson,* 246 Ga. 654, 655 (272 SE2d 321).

Exhibit 44 shows the crimes were almost identical in nature. Both defendants pled guilty to seven counts of theft by deception in Dougherty County by deceitful means by creating the impression that they were issuing an insurance policy when in fact the policy was not valid. Exhibit 45 shows the defendants were convicted in Thomas County on nine counts of theft by taking. The indictment does not show explicitly how the money was obtained but the sentence of the court included restitution to an insurance company and required Robert Hawkins to give up his license to sell insurance. Hawkins was asked: "Q. Same thing, old ladies, insurance, not giving them the money. A. One big difference . . . We were eliminated by the very nature of being locked up in Albany, Georgia from sending in Central States, the first indictment . . ."

We are satisfied that the previous offenses were of sufficient similarity to be admissible on the issue of intent, scheme, bent of mind, and course of conduct. This enumeration is without merit.

5. The trial court denied defendant's Motion for Directed Verdict on the basis of lack of venue in Mitchell County. The defendants argued that venue was in Dougherty County where "each and every premium check submitted to the defendants was cashed and deposited into the two accounts . . ." The defendants were convicted of theft by taking in violation of Code Ann. § 26-1802 (OCGA § 16-8-2). Our Code Ann. § 26-1811 (OCGA § 16-8-11) provides that in prosecution of a violation of Code Ann. § 26-1802 (OCGA § 16-8-2) "the crime shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft." All of the witnesses stated that Hawkins obtained their checks in Mitchell County and when Hawkins took the stand in his defense, the district attorney

proved his entire case through the testimony of the defendant — including the fact that he took a check from each of the ladies named in the 13 counts of the indictment which alleged venue in Mitchell County. We find no merit to this enumeration.

6. The trial court did not err in denying the defendants' motions for a new trial.

*Judgments affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 24, 1983 —
REHEARING DENIED JUNE 27, 1983 —

*Donald T. Robinson,* for appellant (case no. 66160).
*Thomas G. Ledford,* for appellant (case no. 66269).
*Gilbert J. Murrah, District Attorney, J. Brown Moseley, Assistant District Attorney,* for appellee.

