## 66332. TANNER v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of the offense of armed robbery. He appeals following the denial of his motion for new trial, as amended. *Held:*

1. Where there is a conflict between the testimony of the accused and the testimony of a state's witness, a charge on impeachment is not improper. *McNeill v. State,* 135 Ga. App. 876, 878 (2) (219 SE2d 613); *Newmans v. State,* 65 Ga. App. 288, 291 (16 SE2d 87). The trial court did not err in charging without request on the law in regard to impeachment of witnesses.

2. The second enumeration of error contends the trial court erred in overruling and denying defendant's motion for new trial. The motion was based upon the general grounds and a special ground based upon newly discovered material evidence, not merely cumulative or impeaching in character but relating to new and material facts as shown by the affidavits attached. Defendant's argument is based upon his mental condition on the date of the crime and being unable to assist his lawyer in order to establish an alibi, diligence of the counsel and the defendant must be measured by his inability to advise counsel with reference to seeking evidence for his defense. However, he was positively identified by a state's witness as being the driver of the getaway car which the actual robber used on the date of the crime.

First of all, there is somewhat of a conflict between the defendant's affidavit with reference to witnesses and the affidavit of one of the witnesses who had observed him on the date of the crime at approximately the same hour at another location, defendant deposing that he had been drinking and could not remember seeing

anyone and could not furnish the names of any witnesses to his counsel because he had been intoxicated on the day of his arrest. The affidavit of one of the proposed alibi witnesses was that she and another person had seen him at a certain location and they had offered him a ride. The defendant accepted and they then drove him back to the same location where the co-defendant (accomplice) was waiting for him. This affidavit fails to disclose that he was intoxicated or unaware of the identity of these two persons with whom he had been in the company of on the date of the crime. The trial court in consideration of the special ground of the amended motion for new trial considered the six requirements with reference to the standard for granting a new trial on the basis of newly discovered evidence as set forth in *Timberlake v. State,* 246 Ga. 488, 491 (271 SE2d 792), and the fact that the burden is on the defendant to show compliance with each of the six requirements. The court then determined that there was a lack of due diligence on the part of the defendant in not ascertaining these witnesses sooner and further that the only effect of the testimony of the witnesses would be to impeach the credibility of the state's primary witness at trial, hence the trial court denied the motion. We find no abuse of discretion on the part of the court in its consideration of the various requirements with reference to newly discovered evidence and in denying the motion.

While defendant raises the general grounds in his motion for new trial apparently the same have not been argued in the trial court in consideration of the motion and have not been argued by brief here. Nevertheless, we have carefully reviewed the transcript and record. We find and so hold that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of armed robbery from the evidence adduced at trial. *Rachel v. State,* 247 Ga. 130, 131 (1) (274 SE2d 475); *Conyers v. State,* 249 Ga. 438, 440 (1) (291 SE2d 709). We find no merit in the enumeration of error contending the trial court erred in overruling and denying the motion for new trial as amended.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JULY 7, 1983 —
REHEARING DENIED JULY 25, 1983.

*Charles W. Smith, Jr.,* for appellant.

*Bruce L. Udolf, District Attorney, Charles H. Frier, Assistant District Attorney,* for appellee.