## 66801. HEARD v. THE STATE.

McMURRAY, Chief Judge.

Defendant was convicted of kidnapping with bodily injury, armed robbery, aggravated assault and theft by taking. He was sentenced to life for the kidnapping with bodily injury; to a total of 20 years (concurrent with one another and consecutive to the kidnapping sentence) for the armed robbery and aggravated assault; and to 10 years on probation (consecutive to all the sentences) for the theft by taking. Defendant appeals following the denial of his motion for new trial, as amended. *Held*:

1. Defendant argues that the trial court erred by denying his motion for continuance contending that he did not have sufficient time to prepare for trial having not been indicted until three days before his trial.

The decision to grant or deny a motion for a continuance is within the sound discretion of the trial court and will not be cause for reversal absent abuse of that discretion. *Hawkins v. State*, 167 Ga. App. 143, 145 (1) (305 SE2d 797); *Fleming v. State*, 236 Ga. 434, 437 (224 SE2d 15). Here, the evidence reflects that defendant was represented by two court appointed counsel for over a month before his case went to trial. The assistant district attorney made arrangements for both defense counsel to interview the witnesses they desired. Further, the original list of witnesses (containing 28 names) was served on both defense counsel 18 days prior to the trial. We find no abuse of discretion of the trial court based on the ground that counsel had not had sufficient time to prepare for trial. See *Hawkins v. State*, 167 Ga. App. 143, supra at 145; *Burnett v. State*, 240 Ga. 681, 684 (1) (242 SE2d 79).

2. Defendant contends the trial court erred by denying his motion in limine and motion for mistrial based on the admission of evidence by the state concerning the beer truck hijacker (victim's assailant) allegedly shooting a gun during the high speed chase through Jones County.

It is defendant's contention that by allowing the state to introduce evidence of this alleged gunshot incident, his character was being improperly placed into evidence and in essence, he was being

forced to defend himself against charges for which he was not on trial. This contention is without merit. Evidence of a separate crime was admissible if this separate crime is committed as a part of the same transaction as that for which the accused is being tried and forms a part of the res gestae. *Burger v. State,* 242 Ga. 28, 32-33 (8) (247 SE2d 834).

3. We next consider defendant's contention the trial court erred by denying his motion for change of venue based upon prejudicial pretrial publicity. A change of venue motion addresses itself to the sound discretion of the trial judge, and that discretion will not be disturbed on appeal unless abused. See *Potts v. State,* 241 Ga. 67, 75-77 (8) (243 SE2d 510). "The test regarding prejudicial pre-trial publicity is whether the jurors summoned to try the case have formed fixed opinions as to the guilt or innocence of the defendant from their exposure to the pre-trial publicity. [Cits.]" *Potts v. State,* 241 Ga. 67, supra at p. 76.

Here, the defendant has presented no evidence of fixed opinions on the part of the traverse jurors as to his guilt or innocence. Further, a reading of the record of the voir dire examination does not show that any of the jurors summoned to try the case had been prejudiced by the alleged inflammatory newspaper articles. Nor were they prejudiced by the radio or television broadcasts. Thus, we cannot conclude that the trial court abused its discretion in overruling defendant's motion for change of venue. See *Mooney v. State,* 243 Ga. 373, 385 (254 SE2d 337); *Potts v. State,* 241 Ga. 67, 75 (8), supra; *Graves v. State,* 167 Ga. App. 246, 247 (2) (305 SE2d 913).

4. Defendant next contends the trial court erred by denying his motions regarding the merger of certain offenses. Defendant was indicted for the offenses of kidnapping with bodily injury, armed robbery, aggravated assault and theft by taking. It is defendant's contention that aggravated assault is a lesser included offense of kidnapping with bodily injury and that theft by taking is a lesser included offense of armed robbery. As such, defendant argues that it was improper for him to be convicted and sentenced on all four of these counts since the lesser included offenses should have been merged with the greater offenses.

Defendant committed armed robbery when he took the victim's checks and currency at gunpoint. He subsequently committed theft by taking when he drove off in the victim's beer truck. "The evidence establishing the commission of the one crime is not the same as the evidence which established commission of the other crime." *Holt v. State,* 239 Ga. 606, 607 (238 SE2d 399). As such, in the instant case, theft by taking is not a lesser included offense as a matter of fact. See *Holt v. State,* 239 Ga. 606, 607, supra; *Doucet v. State,* 153 Ga. App. 775, 776-777 (2) (266 SE2d 554); *Parrish v. State,* 160 Ga. App. 601,

603-604 (2) (287 SE2d 603).

"The same rationale does not apply to the conviction for kidnapping with bodily injury and the conviction for aggravated assault of [the victim]. This is true because the elements of the crime of aggravated assault must have been proved in order to sustain a conviction for the crime of kidnapping with bodily injury. Therefore, the aggravated assault in this case is an included offense of the crime of kidnapping with bodily injury, and the conviction for aggravated assault is reversed." *Brown v. State*, 247 Ga. 298, 302-303 (9) (275 SE2d 52). See *Williams v. State*, 238 Ga. 244, 246 (7) (232 SE2d 238). Accordingly, the trial court is directed to vacate the conviction and sentence for aggravated assault.

5. We next consider whether the trial court erred in failing to make certain "Brady material" available to the defense following its in camera inspection of the state's file, and that the state suppressed and failed to provide the defense with exculpatory evidence.

"The statements of witnesses in the prosecutor's files (nothing more appearing) may not be reached by Code Ann. § 38-801 (g) (Ga. L. 1966, p. 502; 1968, pp. 434, 435; 1968, p. 1200) [now OCGA § 24-10-26], and to prevail on the basis of Brady v. Maryland, 373 U. S. 83, 87 (1963), the appellant [here, the defendant] must indicate the materiality and the favorable nature of the evidence sought. [Cit.]" *Hamby v. State*, 243 Ga. 339, 340 (2) (253 SE2d 759).

Defendant claims, in his brief, that had the victim's out-of-court statement relating to the height and weight of his assailant been available to defense counsel earlier, it might have resulted in the granting of defendant's motion to suppress the victim's in-court identification. We do not agree. In the victim's out-of-court statement (taken during a field interview), he described his assailant as being about 6'1" or 6'2" and weighing about 200-220 pounds. At trial, he stated that he described his assailant to law enforcement officers as being about 6'2" or 6'3" and weighing approximately 230 pounds. This testimony was essentially consistent with the victim's out-of-court statement and does not involve a "corruption of the truth-seeking function of the trial process" as found by the court in *Williams v. State*, 250 Ga. 463, 465 (298 SE2d 492), which was cited by the defendant. Further, prejudice is not shown here, where the defendant was furnished a list of witnesses prior to trial and had an opportunity to cross-examine these witnesses, and where the trial court determined from an in camera inspection that there was nothing in the prosecution's files that would be favorable to defendant that he had not seen. See *Burger v. State*, 242 Ga. 28, 32 (7) (247 SE2d 834).

6. Defendant also contends the trial court erred by denying his motion for a mistrial based upon the district attorney's failure to produce or account for the personal belongings of defendant.

Deputy Battle of the Jones County Sheriff's Department testified that he returned the items which defendant was asking to be produced back to him. Further, the state accounted for all the personal belongings removed from the defendant through the testimony of Deputy Battle, Detective Black and Detective Gibson. The district attorneys cannot produce items which they do not possess. Therefore, we find no error.

7. We find no merit in defendant's contention that the trial court erred in failing to quash the indictment against him based upon the alleged illegal detention of defendant by police. The Supreme Court of Georgia in *State v. Houston*, 234 Ga. 721, 724 (218 SE2d 13), has stated "it is now well settled that illegal detention (without a valid probable cause hearing) does not preclude indictment by the grand jury. It is equally well settled that an illegal arrest or detention does not void a subsequent conviction, and that the failure to provide counsel at a probable cause hearing may not be raised after conviction by petitioners for writ of habeas corpus." We agree with this observation by the Supreme Court and as such, rule that the alleged illegal detention of the defendant does not provide sufficient legal grounds to quash the indictment by the grand jury. See also Gerstein v. Pugh, 420 U. S. 103 (95 SC 854, 43 LE2d 54); Frisbie v. Collins, 342 U. S. 519 (72 SC 509, 96 LE 541); Ker v. Illinois, 119 U. S. 436 (7 SC 225, 30 LE 421); *Stynchcombe v. Hardy*, 228 Ga. 130 (184 SE2d 356).

8. Defendant argues that the trial court erred in denying his motion to suppress the victim's and Sergeant Reese's in court identification of him contending that the witnesses had seen him under circumstances which were so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. The test of whether there has been a "very substantial" chance of misidentification depends on the totality of the circumstances in each case. See *Yancey v. State*, 232 Ga. 167 (205 SE2d 282). "[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401). See *Hicks v. State*, 167 Ga. App. 771, 773 (1) (307 SE2d 548).

There are several key facts reflected in the evidence which lead this court to believe that the victim's and Sergeant Reese's in court identification of the defendant were correctly admitted into evidence. First, both the victim and Sergeant Reese had the opportunity to view the assailant at the time of the crime. The victim testified that he was in the presence of and had observed his assailant, on the day

of the incident in question, for approximately one hour. Sergeant Reese testified that, although he received only brief glimpses of the assailant, he nevertheless observed the assailant on two separate occasions (also on the day of the incident in question) and saw both a profile and direct view of the assailant's face. Second, both the victim and Sergeant Reese were very firm in their belief that defendant was in fact the person they had observed on the day of the incident in question, stating unequivocally that their in court identification of defendant was based solely upon this observation. Third, the length of time between the crimes and the confrontation was relatively short (approximately two months). Under the "totality of circumstances" test the victim's and Sergeant Reese's in court identification of the defendant were not impermissibly tainted. Compare *Arnold v. State*, 155 Ga. App. 782 (1) (272 SE2d 751).

9. Error is enumerated to the trial court's denial of defendant's separate motions to excuse 14 jurors for cause.

"The conduct of the voir dire is within the discretion of the trial court, and the court's rulings are proper absent some manifest abuse of discretion. [Cits.] Whether to strike a juror for cause lies within the discretion of the court. [Cit.]" *Patterson v. State*, 239 Ga. 409, 411 (1) (238 SE2d 2).

We have carefully reviewed the record and fail to find any abuse of discretion. All 14 jurors stated under oath that they had formed no opinion as to the defendant's guilt or innocence. These jurors further stated that they could base their decision solely on the evidence presented at trial or that they were not leaning more toward one side of the case than the other. Moreover, not one of these 14 jurors ever mentioned that they had either read or heard that defendant was a convicted felon.

10. Defendant's next contention is that the trial court erred by permitting Captain Lowe to testify when alleged scientific reports on which his testimony was based had not been provided the defendant as required by OCGA § 17-7-211 (formerly Code Ann. § 27-1303 (Ga. L. 1980, p. 1388)).

"OCGA § 17-7-211 provides that upon proper request defendants are entitled to copies of any written scientific reports in the possession of or available to the prosecution at least 10 days prior to trial or the reports will be excluded as evidence. In *Tanner v. State*, 160 Ga. App. 266 (1) (287 SE2d 268), and *Osborn v. State*, 161 Ga. App. 132 (4) (291 SE2d 22), we held that if such scientific reports are not provided, the testimony of witnesses based upon the reports is also excluded." *Ramsey v. State*, 165 Ga. App. 854, 856 (2) (303 SE2d 32). In the instant case, the only scientific reports "in the possession of or available to the prosecuting attorney" were served on both defense counsel more than 10 days prior to trial. OCGA § 17-7-211 (b) (Code

Ann. § 27-1303), supra. The results of the fingerprint tests in these reports were identical to those testified to by Captain Lowe during the trial. That Captain Lowe did not make a formal report himself does not change the fact that defendant received the only scientific reports "in the possession of or available to the prosecuting attorney." Thus, "[w]e do not agree with defendants' assertion that OCGA § 17-7-211 (Code Ann. § 27-1303) requires the creation of a report if none exists." *Ramsey v. State*, 165 Ga. App. 854, 856 (2), supra. See also *Sears v. State*, 161 Ga. App. 515, 516 (288 SE2d 757).

11. We next consider defendant's contention that the trial court erred by allowing into evidence state Exhibits 24, 30 and 31.

(a) State's Exhibit 24 was a blown-up photograph of state's Exhibit 18 (a latent fingerprint taken from the inside passenger door of a beer truck allegedly stolen by defendant) and a blown-up photograph of state's Exhibit 20 (an inked fingerprint card bearing the impression of defendant's fingerprints). It is contended that this exhibit should not have been allowed into evidence because a proper foundation was not laid. The state's witness, Mr. Lowe (an employee of the Macon Police Department who has been in charge of their crime laboratory section since 1975), testified that the "photographs . . . in the State's Exhibit 24, with respect to the ink print . . . , is . . . a photograph of the ink print of a right thumb from State's Exhibit 20" and that "the one labeled, 'latent print' [also in state's Exhibit 24] . . . is . . . the photograph of this latent print in State's Exhibit 18." He further testified that the photographs (depicted in state's Exhibit 24) were made in his presence. "The quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter to be left within the discretion of the trial court. [Cits.] We conclude that there was no abuse of discretion in admitting the photographs." *Johnston v. State*, 232 Ga. 268, 270-271 (1) (206 SE2d 468). See also *Chambers v. State*, 159 Ga. App. 669, 670 (1) (284 SE2d 682); *Adams v. State*, 142 Ga. App. 252, 254 (5) (235 SE2d 667).

Defendant also contends that the trial court erred by allowing state's Exhibit 24 to go out with the jury. State's Exhibit 24 was properly admitted into evidence and we find no error in allowing it to be sent out with the jury. See *Walker v. State*, 216 Ga. 15, 17 (3) (114 SE2d 431).

(b) State's Exhibit 30 was a photograph of the defendant taken at the time defendant was booked and processed at the Milledgeville Police Department. It is contended that this exhibit, which was used to impeach defendant's testimony that he did not have a beard on the date of his arrest, should not have been allowed into evidence because it showed defendant in prison clothes which tended to place his character into evidence. We find no error. It is well settled that "[t]he

admission in evidence of a 'mug shot' of the defendant does not inject his character into evidence. [Cit.] . . ." *Creamer v. State*, 229 Ga. 704, 708 (2) (194 SE2d 73). Moreover, the trial court gave cautionary instructions to the jury to the effect that the only purpose for which they should consider state's Exhibit 30 was to illustrate the physical appearance of defendant on November 22, 1982 (the day on which defendant was arrested).

(c) State's Exhibit 31 was a photocopy of a document. It is contended that this exhibit should not have been admitted into evidence under the best evidence rule. We find no merit in this contention. State's Exhibit 31 was identified as the document itself in question. Detective Black testified that state's Exhibit 31 was one of the papers that he turned over to Agent Harvey. We find no merit in this complaint.

12. Error is enumerated to the trial court's charging the jury on the law with respect to flight by the accused. There was evidence in the record that tended to show defendant was in fact the person who fled from the police. The victim identified the defendant as the man who hijacked his beer truck while Sergeant Reese testified that defendant was the man involved in the high-speed chase through Jones County and was the same man he saw exit the beer truck. We find no merit in this complaint. See *Pollard v. State*, 249 Ga. 21, 22 (3) (287 SE2d 189); *Young v. State*, 239 Ga. 53, 58 (4) (236 SE2d 1).

13. Objection is made that the trial court erred in charging the jury, ". . . But, if a witness shall willfully and knowingly swear falsely, their testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence." Although it does not appear that defendant's purpose to falsify was plainly manifest from his own testimony, any error resulting from the trial court's charge was harmless at best under the "highly probable test." See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869). See also *Hill v. State*, 155 Ga. App. 718, 719 (1) (272 SE2d 508).

14. Defendant also objects to the charge that a witness may be impeached "by evidence as to their general bad character or their conviction of an offense involving moral turpitude, that is, one contrary to justice, humanity or good morals." It is defendant's contention that there was no evidence that any witness possessed bad character or had been convicted of a crime and that as such, the charge (given above) was inapplicable. Although the charge as given was not apt nor required by the evidence, we find no reversible error in giving this general charge. See *Newmans v. State*, 65 Ga. App. 288, 291 (16 SE2d 87); *Peters v. State*, 72 Ga. App. 157, 160 (4) (33 SE2d 454); *Borders v. State*, 114 Ga. App. 90, 92 (4) (150 SE2d 306); *Futch v. State*, 145 Ga. App. 485, 490 (7) (243 SE2d 621).

15. The evidence adduced at trial showed that a positive in-court

identification was made of the defendant as the perpetrator of the crimes charged by both the victim and the sergeant of the Jones County Sheriff's Department. The victim also identified, as belonging to him, a pair of prescription eyeglasses which were recovered from the defendant's person at the time of his arrest. Further, the victim recognized a brown leather tote bag carried by his assailant and a pair of corduroy pants worn by his assailant as similar to items which were removed from defendant's person at the time of his arrest. Moreover, the defendant's fingerprints were found inside the victim's beer truck (which defendant was accused of stealing). There was ample evidence to enable any rational trier of fact to reasonably find the defendant guilty of the crimes of kidnapping with bodily injury, armed robbery and theft by taking beyond a reasonable doubt. Accordingly, the evidence was sufficient to support these convictions. See *Smith v. State,* 249 Ga. 801, 802 (1) (294 SE2d 525); *Simmons v. State,* 249 Ga. 860 (1) (295 SE2d 84); *Seagraves v. State,* 167 Ga. App. 513 (1), 514 (306 SE2d 761).

*Judgment affirmed in part and reversed in part. Shulman, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 15, 1984 —
REHEARING DENIED MARCH 7, 1984 —

*Milton F. Gardner, Jr., J. David McRee,* for appellant.
*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney,* for appellee.