### 74721. JONES v. THE STATE.
(362 SE2d 457)

McMURRAY, Presiding Judge.

Defendant was convicted of the offense of armed robbery and appeals from the denial of his motion for new trial. *Held:*

In his sole enumeration of error defendant contends the trial court erred in denying his motion to suppress the two victims' "pretrial" and "in court" identification of him. Defendant argues that the victims had seen him under circumstances which were impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

Shortly after the robbery, the victims contacted the Norcross Police Department and from a description of the assailants given by the victims, Officer James E. Williams, who is familiar with the residents of the area, suspected that defendant was involved in the crime. Officer Williams went to the house where defendant resided and returned to the police station with defendant. Defendant was placed in "the booking room" with a man who matched the description of defendant's confederate. The victims viewed the men through a "two-way mirror" and both victims independently identified defendant as the man who initially forced them at gunpoint to drive to the abandoned building. Neither of the victims identified the man who matched the description of defendant's accomplice. "The test of whether there has been a 'very substantial' chance of misidentification depends on the totality of the circumstances in each case. See *Yancey v. State*, 232 Ga. 167 (205 SE2d 282). '(T)he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the

crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.' *Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401). See *Hicks v. State*, 167 Ga. App. 771, 773 (1) (307 SE2d 548)." *Heard v. State*, 170 Ga. App. 130, 133 (8) (316 SE2d 504).

In the case sub judice, the victims independently identified defendant at the police identification procedure as the assailant who approached the vehicle in which they were passengers on the day of the armed robbery. The in-custody identification procedure occurred within two and one-half hours of the crime. During the commission of the crime, both victims viewed their initial assailant several times on a "[c]lear" afternoon at distances which varied from a few feet to a few yards. The victims gave a detailed identification of their assailant and both victims were certain that the man who confronted them at the intersection was defendant. In fact, at the police custody identification procedure, at the motion to suppress hearing and at trial neither victim wavered in their conviction that defendant was the man who robbed them. "Under the 'totality of circumstances' test the [victims' pretrial and] in court identification of the defendant were not impermissibly tainted. Compare *Arnold v. State*, 155 Ga. App. 782 (1) (272 SE2d 751)." *Heard v. State*, 170 Ga. App. 130, 133 (8), 134, supra. This enumeration of error is without merit.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED OCTOBER 26, 1987.

*J. Stanley Rhymer*, for appellant.

*Thomas C. Lawler III, District Attorney, Daniel J. Porter, Assistant District Attorney*, for appellee.